————~~O~~————

## *Elijah Baker* vs. *Sardius Blodget.*

The plaintiff, having suceeded in a writ of error, and obtained final judgment in the action, is entitled to costs of the writ of error, without reference to the amount recovered.

An attorney-fee is not taxable upon a hearing before referees.

The costs accruing after a *reference of all demands* are taxable without regard to the amount of damages.

*Quære,* in case of a reference of the action only.

Franklin, Jan. 1828.  }  THE case presented to the court con-
Baker vs. Blodget.  }  tained a long schedule of items of the bill
of cost claimed by the plaintiff.  Then a reference for taxation,
and the following reports and taxations and exceptions, to wit:

"To the Hon. County Court, now in session at St. Albans: the
"undersigned, to whom the foregoing bill of cost is refered for
"taxation, reports—that, having duly notified the parties, they ap-
"peared by their attornies; and after hearing them, has taxed
"the cost as follows: I have disallowed the whole of the sum there
"claimed by the plaintiff except the sum of $15,23, which is the
"amount of the original note sued, and the interest thereon: and
"I further report, that I should have allowed the cost on the writ
"of error, being $15,64, but for the following order of the
"Court made in the cause, April Term, 1827.—'Judgment that
"'the report be accepted for plaintiff; the plaintiff to tax the same
"'costs as if the report had been for the sum of the note and in-
"'terest.                              HORACE JANES, Clerk.

"'December 3, 1827.'

"To the taxation of this cost the plaintiff excepts, and the same
"is referred to the court for taxation; and the same is taxed by
"the court at $62,16, being all the cost in the county court
"since the reversal of the judgment, and the cost on the writ of
"error.                                  H. JANES, Clerk."

"Franklin County Court, December Adjourned Term, 1827,

"And now the said defendant, in court by his attornies, Swift
"and Smith, excepts to the foregoing taxation of cost in the
"above cause, for the causes following, to wit:

"1.  Because the sum taxed by the court, greatly exceeds
"the amount recovered by the plaintiff, he being the appellant in
"said suit, and by law could recover no more cost than damages.

"2.  Because, that at the April Term of said court, 1827,
"upon a hearing on the acceptance of the report of the referees,
"which was objected to on the ground that there was a mistake as
"to the terms of the reference, the court then and there made the
"following order on the docket of said court: 'Judgment that the
"'report be accepted for the plaintiff: the plaintiff to tax the same
"'costs as if the report had been for the sum of the note and interest.'

"And by said report it appears that the      Franklin, Jan. 1828.
"amount of the note and interest was      *Baker* vs. *Blodget.*
"$14,50.              By SWIFT and SMITH, *Attornies.*"

It was contended by the defendant's counsel, That the County Court could allow no more cost than damages in this suit—because, that at the trial before the justice, the plaintiff recovered a judgment in his favor, and appealed from the same to the County Court.—*Stat.* 305, *s.* 1 & 2. That if the rule of taxing the cost in this case be the amount recovered in damages, still, the defendant says, the amount of the note and interest on which the plaintiff's suit was brought, being $14,50, ought to limit the cost, and not the amount reported by referees, inasmuch as the County Court, on a hearing on the report of referees, were satisfied from the affidavits of sundry persons, that there was a misunderstanding as to the terms of the reference, and, therefore, decided that the plaintiff tax the same cost, as if the report of the referees had been for the amount of the note and interest, which was $14,50; for it did appear that the referees, under the rule, did take into consideration and allow to the plaintiff certain sums which were not matters in dispute between the parties, by reason of which the amount of their report was greatly enhanced.

The plaintiff's counsel insisted that he was entitled to full costs for several reasons.

1. The parties, after the cause came into the County Court, entered into a rule of reference by which they submitted "all mat-"ters in dispute between them" to the determination of Messrs. *Turner* and *Janes.* This reference made a new suit in which both parties became actors: and the cost must follow the award of the referees.

2. The appeal was taken from the defendant's, and not the plaintiff's demand.

3. Notwithstanding the plaintiff appealed, he has a right to tax as much cost as damages, for cost accruing before the writ of error ; and the rule of the County Court cannot affect this case, because the cost before the justice and in the County Court does not exceed the sum due on the note referred to in the rule on the exceptance of the report.

Franklin Jan. 1828. ⎫  4. The 1st and 2d sections of the act relating to
*Baker* vs. *Blodget.* ⎭  salaries and fees (*Stat.* 305.) do not apply to
cost accruing on writs of error in the Supreme Court, and by pro-
ceedings in the same case after determination of the writ of error.

5. The cause was continued for several terms at the request of
the defendant, which entitles the plaintiff to full cost.

HUTCHINSON J. delivered the opinion of the Court.    This
cause has come from the County Court for the purpose of hav-
ing this court reverse the taxation of a bill of cost.    The objec-
tion is not to the items in general, though there are two items
that we presume are inadvertantly taxed, to wit, one dollar, in-
stead of sixty seven cents, for signing a writ of error and the re-
cognizance, and a three-dollar attorney-fee on a hearing before
referees ; which ought not to be allowed. That fee being allowed
only for trials in court.

The main objection is that the plaintiff is not entitled to his full
cost, because the action was commenced before a justice of the
peace and appealed by the plaintiff to the County Court.

The history of the case appears to be this:—Baker commenced
his action before a justice, declaring upon a note of $12,64. The
defendant appeared before the justice and pleaded in offset a book
account of $26,50. The justice allowed the offset, and gave
judgment for the defendant for a balance of $8,48.    The plaintiff
appealed to the county court. That court, on motion of the de-
fendant, dismissed the appeal on the ground that the action was
brought upon a note for less than $20.    The plaintiff brought
his writ of error before this court, two years since, and obtained a
reversal of that judgment of dismissal, and reinstated his action
upon the docket for trial upon the merits.    See said case report-
ed, in 1 *Aikens R.* 342.    An issue of fact being joined, the case
was ordered to the County Court for the trial of that issue.—
At April term, 1826, of said County Court, the cause was contin-
ued on motion and affidavit of the defendant to the September
term, when the parties, by agreement and rule of court, refer-
red this action and all demands to certain persons as referees,
who made their report at April term, 1827, in favor of the plain-
tiff, for about $32.    The court accepted the report but ordered
that the plaintiff tax no more cost, than if he had only recovered

the amount of his note, which then was about $\left\{\begin{array}{l}\text{Franklin, Jan. 1828.} \\ \overline{\text{\textit{Baker} vs. \textit{Blodget.}}}\end{array}\right.$ $15. The defendant then moved for a new trial, which was granted on terms of his paying the plaintiff his back cost in twenty days, and the cause was continued; and at the last term the cost was taxed for the plaintiff, by order of the County Court, at $62,16. Upon the exceptions to that taxation the cause has now been heard. The court consider that the order of the County Court, on the acceptance of the report, curtailing the plaintiff about the taxation of cost, is a nullity. They might have accepted the report on terms only, and procured the plaintiff's consent to a rule of that import; but without such consent it could not be done. Again, we consider that the plaintiff, having succeeded in his writ of error, and having finally recovered in the action, is entitled to his cost on the writ of error, without regard to the amount of his damages. We also consider that, as the reference was of all demands, the costs that arose after that reference are also taxable, without regard to the amount of damages. This has before been decided, and we deem it correct. We recollect no decision in which a reference of the action only had such an effect upon the cost. I, for myself, am inclined to think it ought not; but of this, the court give no opinion.

The principles above adopted, without receiving aid from the continuance had at the request of the defendant, would entitle the plaintiff to recover all the cost he would otherwise be entitled to recover, and not be curtailed by the statute.—*Stat.* 305. The costs thus taxed will stand thus:

Cost of the writ of error, not depending upon damages,   $15,31.
Cost that accrued after the reference,                          27,58.
Other costs that do depend upon damages,           16,67.
The sum taxed,                                    $59 56

But as the $3,33, now disallowed, was not objected to as items wrong in themselves, the defendant recovers no cost of this court this term, and as the plaintiff taxed wrong as to those items, he shall recover no cost since the County Court. Possibly the defendant might be entitled to cost of this court, had he succeeded upon the main point litigated before the County Court, as this mode stands instead of a writ of error; but that question is not presented by the case.

*Smalley* and *Adams*, for the plaintiff.
*Swift* and *Smith*, for the defendant.

T