### RICHARD DOWNING *v.* PERLEY ROBERTS.

Where a case was appealed from a justice of the peace to the county court by the plaintiff, and was carried by the plaintiff, upon exceptions, to the supreme court, and judgment was reversed, and final judgment was rendered in the county court for the plaintiff, for a sum less than all his costs, it was held, that he was entitled to an amount of costs equal to his damages, and to his costs in the supreme court, in addition thereto. It makes no difference, in this respect, whether a case passes to the supreme court upon exceptions, or by a writ of error.

THIS case came to the county court by appeal from the judgment of a justice of the peace, taken by the plaintiff, and was carried by the plaintiff, upon exceptions, to the supreme court, and the judgment of the county court was there reversed, and final judgment was rendered for the plaintiff in the county court, but for a sum less than all his costs ; and the county court, June Term, 1849,—RED-FIELD, J., presiding,—decided, that the plaintiff was entitled to an amount of costs equal to his damages, and his costs in the supreme court in addition thereto. Exceptions by defendant.

*Hebard & Martin* for defendant.

The plaintiff can recover no more costs than damages. Rev. St.

c. 106, §§ 17, 20. The case of *Baker* v. *Blodgett*, 1 Vt. 141, upon which the plaintiff relies, went to the supreme court by writ of error ; the case at bar went up on exceptions. The writ of error is in the nature of a new suit; it gives a new jurisdiction, fully competent to the taxation of costs, as well as the affirming or reversing the judgment of the county court. A bill of exceptions gives no new jurisdiction ; it is in the nature of an appeal from the county court upon a question of law apparent upon the record. *Barlow* v. *Burr*, 1 Vt. 488. The case of *Pollard* v. *Wheelock*, 20 Vt. 370, does not apply to the case at bar. That was a case commenced in the county court, and the costs in no way depended upon the amount of damages.

*J. L. Buck* for plaintiff.

The question of costs in the supreme court is not affected by any law, restricting costs in any inferior court. The proceedings upon exceptions are regarded as a distinct matter, beginning and ending in itself, and in no way dependent on the amount of costs below, or the final determination of the suit. *Pollard* v. *Wheelock*, 20 Vt. 370. *Wheelock, Adm'r*, v. *Wheelock*, 5 Vt. 433. *Ellenwood* v. *Parker*, 3 Vt. 65. *Preston* v. *Whitcomb*, 17 Vt. 183.

The opinion of the court was delivered by

KELLOGG, J. The only question raised in this case is in relation to the decision of the county court allowing to the plaintiff his taxable costs in the supreme court. The defendant insists, that the decision was erroneous,—that, under the circumstances of the case, the plaintiff's costs should have been limited to the amount of his damages.

The statute provides, " that in actions commenced before a justice, the plaintiff shall recover no more cost than debt, or damages, except costs that may accrue from continuances at the request of the defendant, or in case the defendant shall appeal to the county court. Notwithstanding the restrictions contained in the statute of 1828, it was held by this court, in *Baker* v. *Blodgett*, 1 Vt. 141, that the plaintiff, who succeeded upon a writ of error and finally recovered in the suit, was entitled to his costs upon the writ of error, without reference to the *amount of his damages*. That case was similar in principle to the present. The statute of 1828,

Downing *v.* Roberts.

restricting costs in suits appealed from justices of the peace, and which was then in force, was substantially the same as the present law. The only difference between the case of *Baker* v. *Blodgett* and the present is, that in the former the proceeding in the supreme court was by writ of error, and in the latter by exceptions taken upon the trial, pursuant to the existing statute. This difference has been supposed, and so urged at the argument, to be sufficient to warrant a different rule in the taxation of the costs. But this position, we think, cannot be sustained upon principle. The present mode of removing cases by exceptions into the supreme court was adopted, to save the necessity of resorting to a writ of error, and thereby saving to suitors unnecessary expense. The object in both cases is the same,—to correct the errors of the court below. And we are unable to perceive, why the recovering party should not recover his cost in the supreme court, without regard to his damages, in one case, as well as the other. It is true, that the learned judge, who delivered the opinion of the court in *Barlow* v. *Burr*, 1 Vt. 488, remarked, that there was a difference between a case carried up by exceptions and one by writ of error,—that in one case cost might be allowed, while in the other it must be denied. The case called for no such distinction, and we are not satisfied, that such distinction exists. It was an appeal from a justice of the peace, and the county court dismissed the suit, on the ground that the justice had no jurisdiction, and that decision was affirmed by the supreme court, and they held, that, as the court had no *jurisdiction of the suit*, they could not *allow costs*, but the party must be left, in such case, to his common law remedy *by suit*, to recover his cost. The case of *Baker* v. *Blodgett* is in point, and we think decisive of the present case.

Judgment of the county court affirmed.