————~O~~————

David Barlow vs. Aaron Burr.

That no judgment is to be rendered for costs, in an action dismissed for the want
of jurisdiction in the magistrate, before whom the action was first brought.

In such case the plaintiff cannot have judgment for the costs of this Court, when
the cause is removed here by defendant on motion; otherwise, had it come by
writ of Error.

THIS was an action brought before a justice of the peace, upon
a note of less than one hundred dollars.    The defendant appear-
ed, and pleaded to the jurisdiction of the justice, that he was a
Deputy Collector of the United States, under the authority of
Congress. . This plea was overruled by the justice ; and the de-
fendant answered over, pleading to the jury, and obtained a ver-
dict.   The plaintiff appealed to the County Court. There the
defendant again urged his objections to the jurisdiction of the jus-
tice.   The County Court, finding the truth of the plea to the ju-
risdiction   established, dismissed the action.    The defendant
claimed judgment for his costs.   Upon this point the court decid-
ed against him ; and he excepted to the decision, and the cause
was removed to this court for a revision of that question.

Smalley and Adams for the defendant.   It is undoubtedly true

That this court may have dismissed causes <span>{ Franklin Jan. 1829.</span>
for want of jurisdiction without cost to <span>} Barlow vs. Burr.</span>
either party : but, in all those cases where costs have been disal-lowed, the court had no jurisdiction of the subject matter of the action—and that fact appeared by the plaintiff's own showing on the face of the declaration. Where the want of jurisdiction is apparent from the process or record, the court are bound, *ex officio*, to dismiss the action—and, in such case they cannot tax cost ; because they would thereby assume the jurisdiction which is denied by the record. But whenever, on the face of the process, or record, the court have jurisdiction, and are bound to entertain the suit, and either party contests this jurisdiction, by pleading some fact on which issue is taken, the court do exercise jurisdiction,—and, on dismissing the cause for this new matter, must allow costs.—12 *Mass.* 367, *Thomas* vs. *White.*—3 *Id.* 25, *Walton* vs. *McNeil, in Notes.* In this case the court have jurisdiction of the subject matter, and all the proceedings are *prima facie* regular ; but the defendant, by plea, shows an extrinsic fact, by which it appears to the court that they are irregular, and on that ground it is dismissed. There can be no reason for denying the defendant costs in this case, that would not apply with equal force, to all cases, where the suit is abated, or dismissed, for some irregularity in the plaintiff's proceedings.

*Royce and Hunt, for the plaintiff.*—It will be contended by the plaintiff that the court, not having jurisdiction of the parties, nor the subject matter, all the proceedings were void, and neither entitled to any cost, they being entirely out of the reach of the court, and the court could no more render judgment for cost, than they could sustain and try the cause, and render judgment for the plaintiff to recover damages and cost. The justice having no jurisdiction, the county court could have none ; this being an appelate jurisdiction, and not an original one.

Hutchinson, J. announced the opinion of the court. It appears not very consistent that a court should take jurisdiction of an action for one purpose and not for another : for the purpose of rendering judgment for costs, and not for the purpose of trying the merits, and ascertaining which party ought to recover. At common law, a man sued before a court that has no jurisdiction of

ooo

Franklin, Jan. 1829. ⎫  the suit, may bring his action and recover his

Barlow vs. Burr.     ⎬  costs; but cannot tax them, and have judgment

for them, in the suit dismissed, for want of jurisdiction. In the case cited from 12th *Mass. R.* the court awarded costs, on the ground that they had jurisdiction of the action, it being upon a probate bond, apparently within their jurisdiction expressly given by statute; but the defendant's oyer of the condition of the bond showed want of jurisdiction. They say the want of jurisdiction is made to appear from the defendant's plea, on which an issue must be tried before judgment. But in the case of *Williams* vs. *Blount*, 2 *Mass.* 207, the court refused cost to the defendant; saying the court below had no jurisdiction of the cause. In the case now under consideration, there was no jurisdiction in the outset; the magistrate, not being legally such, could have no jurisdiction of any cause. Yet this could not appear of record, but by plea; and this plea was overruled in the first instance, the court not considering that our constitution referred to such offices as deputy collector. Where there never was any jurisdiction, the proceedings must be a nullity, in whatever way the want of jurisdiction appears. If there be no original jurisdiction, there can be none appellate, properly speaking.

It would not be inconsistent for the Legislature to pass a law making provision that, in all cases, the court dismissing an action, for want of jurisdiction, shall tax cost for the defendant. This would give jurisdiction for that particular purpose, and that only : and would do as ample justice between the parties, as for those costs to be recovered in a separate action brought for that purpose. But, while the Legislature have made no such provision, and we have the common law for our guide, we should transcend its limits, were we to render judgment for the defendant to recover his costs. *The judgment of the County Court must be affirmed.*

*Mr. Hunt*, then, moved the court to allow to the plaintiff his costs before this court in litigating the question brought here from the County Court by the defendant; urging that this motion of the defendant, bringing up the action, is in the nature of a writ of error. But the same was not allowed, the court saying, that, though the removal of the cause, is as a writ of error to bring up the cause, yet it only brings up the cause, and brings with it, to

to this court, the same jurisdiction the <span>(</span> Franklin, Jan. 1829.
County Court had. In that respect it ope- <span>)</span> *Barlow vs. Burr.*
rates like an appeal from the decision of the County Court upon a
question of law apparent upon the record : whereas a writ of
error gives to this court a new jurisdiction, fully competent for the
taxation of costs, as well as affirming or reversing the judgment
complained of.

*No costs are allowed to either party.*

*Smalley and Adams,* for the defendant.

*Royce and Hunt,* for the plaintiff.