## TRAVER vs. NICHOLS.

The *security* given by a *non-resident* plaintiff, on obtaining a warrant from a justice of the peace, extends to the final determination of the cause, when carried up by *appeal* to the court of common pleas ; so that the *surety* is liable for the *costs of the appeal*, if adjudged against the plaintiff.

DEMURRER to declaration. The declaration is in *covenant* on an instrument under seal, executed by the defendant on the issuing of *warrants* by a justice of the peace in several causes, in favor of several *non-resident* plaintiffs against Traver the plaintiff in this cause, whereby the defendant bound himself to pay Traver any sum which might be adjudged *against the plaintiffs in the aforesaid suits.* The plaintiff avers that judgments were rendered against him before the justice in favor of the plaintiffs in three of the suits ; that he appealed to the common pleas of Cayuga, and that in that court *costs* were adjudged to him, expended by him about his defence in the said causes, amounting in the aggregate to $51,70, and that the same remained unpaid. The defendant *demurred.*

*J. A. Spencer,* for defendant.

*G. C. Bronson,* (attorney-general) for the plaintiff.

*By the Court,* SUMHERLAND, J. The only question in this case is, whether the security required to be given by a *non-resident* plaintiff, upon applying for a warrant, is confined to such sum as may be adjudged against him by the justice, or whether it also extends to the final determination of the cause, where it is carried by appeal to the court of common pleas.

The provision is as follows : " If the person applying for a warrant be a non-resident, and tenders to any justice *security for the payment of any sum which may be adjudged against him,* he shall be entitled to have a warrant in his favor against any person in the county in which such justice may reside." *Laws of* 1824, *p.* 281, § 5. There is nothing in this act which restricts the security to the costs before the justice. It extends

in terms to any sum which may be adjudged against the non-resident plaintiff in said cause. It is the same cause, although carried by appeal to the court of common pleas; no new pleadings are put in, and it is considered but a continuation of the original suit. Thus in *The People, ex rel. Tomb* v. *The Judges of the Common Pleas of Washington Couuty*, 1 Cowen, 576, it was held that in cases of appeal, the court of common pleas had no right to exact from the plaintiff security for costs, on the ground of his being a non-resident; that the statute regulating appeals had prescribed the security to be given, and none other could be exacted. This decision proceeds on the ground that the appeal is but a continuation of the suit before the justice, and not the commencement of a new suit. 8 Cowen, 110. So where an action of trespass *quare clausum fregit* is commenced before a justice of the peace, and the defendant puts in a plea of title, and the plaintiff then commences his action in the court of common pleas for the same trespass, which the defendant removes into the supreme court by writ of *habeas corpus*, and the plaintiff here recovers, he is entitled to *double costs*, it being considered, after the removal to this court, as the same action originally commenced before the justice. 17 Johns. R. 37. 1 Cowen, 425. The language of the act in that case is : " If such plaintiff shall recover *any damages in such action*, the defendant shall be liable to pay to such plaintiff *double costs*." 1 R. L. 390, § 7. His title to costs, therefore, depends upon its being the same *action*.

I am therefore of opinion that the plaintiff is entitled to judgment upon the demurrer, with leave to the defendant to plead, on payment of costs.