## GORMLY *vs.* McINTOSH.

## BAKER *vs.* BRADFIELD.

Where an appeal is taken, to the supreme court, from a judgment of a county court, on the ground that the latter court had no jurisdiction of the subject matter for which the action was brought, the supreme court has jurisdiction to reverse the judgment and to award to the appellant his costs in that court.

But where the want of jurisdiction is apparent on the face of the summons and complaint, the county court should dismiss the suit without costs. And in such cases the appellant cannot recover costs in the supreme court, for the proceedings in the county court.

Where the want of jurisdiction does not appear upon the face of the proceedings, but is presented by plea or demurrer, the court has jurisdiction to pass upon and determine the question presented; and in such a case the party prevailing is enittled to costs.

IN these suits and in several others, actions were commenced in the Monroe county court, and judgments recovered and docketed therein, from which appeals were brought to this court. This court, at the March general term, reversed the judgments on the ground that the county court had no jurisdiction of the subject matter for which the actions were respectively brought, under the decision of the court of appeals in *Kundolf v. Thalheimer*, (2 *Kernan*, 593.) The appellants in the several causes, claiming costs, presented bills for allowance to the county clerk, some embracing costs upon appeal in this court only, and some full costs in both courts. From the decision of the clerk in allowing such costs the respondents appealed by way of motion for a readjustment of, or disallowance of, costs, and the several motions were sent to the general term, and were brought in and argued together by.

*J. L. Angle*, for the respondents.

*H. R. Selden* and *Wm. F. Cogswell*, for the appellants.

*By the Court*, E. DARWIN SMITH, J. Judgments having been rendered and perfected in the county court in these cases, the parties affected thereby had a right to bring appeals

to this court from the same. The judgments were liens upon the property of the defendants, and would have protected ministerial officers in enforcing the same by execution. The code (*sec.* 344) gives an unqualified right of appeal in such cases. The actions were therefore all properly brought into this court. It is now claimed by the respondents, that as the county court had no jurisdiction, this court acquires none upon the appeal. The argument of the respondents' counsel is, that an appeal is but a continuation of the suit below, and that this court, where the court below had no jurisdiction of the subject matter, can render no binding judgment except to dismiss the appeal and the suit. Appeals from justices of the peace, under article 11, chapter 2, part 3 of the revised statutes, to the court of common pleas, were held to be a mere continuation of the suit before the justice. (7 *Wend.* 434. 4 *Denio,* 84.) In the last case Judge Beardsley says, " The entire proceedings are all in one suit, although it was pending at different periods in distinct courts." The remedy by appeal, in this class of appeals, was in effect a new trial of the cause in the court of common pleas. In this class of cases Judge Cowen says, in *Malone* v. *Clark,* (2 *Hill,* 658,) "If the court below had no jurisdiction of the subject matter, the course was not to render any judgment at all. The court should simply have refused to proceed with the cause, and dismissed it from their consideration. If the justice had no jurisdiction in this respect, the common pleas had none." The rule as stated by Judge Cowen, that where the court in which any proceeding is instituted has no jurisdiction of the subject matter, its course is to dismiss the suit or proceeding without rendering any judgment, is doubtless the true one. This is where the want of jurisdiction appears upon the face of the proceedings, and must necessarily be limited to such cases. And in all such cases, when the cause goes to a superior court upon *appeal,* the want of jurisdiction is equally fatal there, and the superior court should render such judgment as should have been rendered in the court below. The rule is in effect so held in the following cases.

In *Barlow* v. *Brew,* (1 *Verm. Rep.* 488,) Hutchinson, J.

Gormly *v.* McIntosh.

says, "If there be no original jurisdiction, there can be no appellate, properly speaking." So in *Williams* v. *Blunt*, (2 *Mass. Rep.* 207,) it was held that the appellate jurisdiction failed because the court below had no jurisdiction, and the case was simply dismissed. (*See also* 23 *Pick.* 110.) This was a case of appeal. It was held that the court below had no jurisdiction, and the want of jurisdiction appearing on the face of the writ, the case was dismissed without costs. In *Nicol* v. *Patterson*, (4 *Ham. Ohio Rep.* 200,) which case was brought from a justice of the peace, the court say, "We are of opinion that an appellate court, as such, has no jurisdiction of the subject matter, where the court in which the cause originated had none, and therefore, when the parties themselves show the fact, it is the duty of the appellate court, at any stage of the proceedings, to dismiss the cause and leave the costs to be recovered by those interested in them." (*See also Wrights' Ohio Rep.* 417 ; 2 *J. J. Marshall*, 29 ; *Stephen* v. *Bard,* 4 *Dallas*, 330.) But where the proceeding is by writ of error or certiorari, the rule is different. The writ of error or certiorari is held to be a new suit in the superior court, and that court can reverse the judgment or proceeding of the inferior court with costs. In 4 *Denio,* 85, Beardsley, J. says, " A certiorari sued out to reverse a judgment of a justice of the peace, like a writ of error, is the commencement of a new suit, and not the continuation of an old one." In *Striker* v. *Mott*, (6 *Wend.* 465,) a writ of error was brought in a case where the justice had no jurisdiction. The judgment was held void, and reversed. In 7 *Metc.* 590, it was held that a writ of error will lie to reverse a void judgment. (2 *Cranch,* 126. 2 *Sand.* 47, *note* 8.) The writ of error was held to be a new suit also in the case in 1 *Verm. Rep.* 491 ; the court says, that " A writ of error gives to the court a new jurisdiction, fully competent for the taxation of costs, as well as for ·affirming and reversing the judgment complained of." The want of jurisdiction in these cases, of the subject matter, being apparent on the face of the summons and complaint, the county court should have dismissed the suits without costs, in conformity with the rule as laid down by Judge Cowen in 2 *Hill,* 658 ; and it follows

that no costs can be recovered by the appellants for the proceedings in the county court, and the allowance on taxation by the county clerk of such costs must be reversed. This rule in respect to costs cannot apply in cases where the want of jurisdiction does not appear upon the face of the proceedings; but it is presented by plea or demurrer, and the court is called upon to adjudicate upon that question. Whenever the question of jurisdiction is presented by plea or demurrer, and the plaintiffs' complaint presents a *prima facie* case of jurisdiction, the court has jurisdiction to pass upon the question presented, to decide and determine it, and in such case the party prevailing must be entitled to costs. The rule in such cases is correctly stated in 5 *Metc.* 240, and 7 *id.* 561. In *Thomas* v. *White,* (12 *Mass. Rep.* 370,) costs were allowed, though the court had no jurisdiction, on the ground that the want of jurisdiction was not manifest on the face of the writ, but was ascertained by the defendant's plea. In the case in 5 *Metcalf,* Wild, J. says, " In all cases where the want of jurisdiction does not manifestly appear on the face of the writ, and the question of jurisdiction is a fair subject of discussion and for the decision of the court, there seems to be no reason why the defendant, if he prevail on the decision of the question in his favor, should not be entitled to costs." The same view is reasserted with great force by Chief Justice Shaw, in the case in 7 *Metc.* 590. In this state the code gives the right to demur for want of jurisdiction. (*Sec.* 144, *sub.* 1.) On the decision of such a demurrer it cannot be that the prevailing party would not be entitled to costs under sections 303, 304 and 305 of the code. The court in all such cases is called upon to decide, and must in the due course of judicial proceedings determine whether or not it has jurisdiction to hear the parties on the merits. But in the cases now before the court, the question of jurisdiction was not raised in the county court. It was first raised upon the appeal in this court, and was not here litigated. Upon the authority of the decision in 2 *Kern.* 593, this court disposed of these cases without argument, by a simple reversal of the judgment of the county court, on the express ground that that court had not jurisdiction.

Gormly *v.* McIntosh.

Whether this court rendered the right judgment, and whether the appellant is or is not entitled to costs in this court, depends upon the question, in what light we are to regard these cases as in this court. They were brought here upon appeal. If the appeal has the force of a writ of error at common law it conferred a new jurisdiction, and the appellants are entitled to the costs of this court ; but if the appeal merely continues the same suit, as was the case on appeals from justices' courts to the court of common pleas, before the code, then no costs should be allowed in this court. There is no action here, strictly speaking; the judgment of the county court is void and a nullity, and this court should have dismissed the suit. Before the code there were two modes of reviewing the proceedings of inferior courts, in force in this state. One, the common law mode by writ of error, and the other by appeal, as practiced in courts of equity. Judgments in common law actions were reviewed by writ of error. Decrees in chancery were reviewed by appeal from the vice chancellor to the chancellor, and from the chancellor to the court for the correction of errors. The new constitution recognizes the distinction between law and equity as it then existed. (*Art.* 6, §§ 3, 5, 10, 14.) And the judiciary act of 1847 retained the mode of review of judgments by writ of error and of decrees in equity by appeal, as it then existed. (*Sec.* 17, *Session Laws,* 324.) The code (§ 323) declares that "writs of error in civil actions as they have heretofore existed are abolished, and the only mode of reviewing a judgment or order in a civil action shall be that prescribed by this title." Subsequent sections provide for appeals from the supreme court to the court of appeals, and in the supreme court from judgments and decrees rendered by one judge and from judgments of the county courts. One uniform system is provided for all these cases by appeal. Such the commissioners say was their design. But is the force of the appeal the same in all cases, and if so, what is its precise force? It seems to me that the changes in the mode of review were not intended to change its character or the principles which had previously been adopted and sanctioned, through a long period of time, in the history of the common law. It was

not intended to abolish any principle or rule of the common law, but only to change the mode of applying and carrying out the principle. In short the appeal, in respect to judgments or proceedings in common law actions, was intended to be and is a mere substitute for a writ of error, and, in respect to equitable proceedings, it was to be just such a proceeding, and with just such force, as was then in practice in reviewing proceedings in equity by appeal to the chancellor from the vice chancellors' courts, and from the chancellor to the court for the correction of errors. The review in both classes of cases was, and it now is, from a final determination of the inferior court. The court of appeals now has the power to review upon appeal every actual determination made by this court at a general term, and this court has like power to review every judgment in the county court. (*Code,* §§ 11, 344.) In both cases the jurisdiction is appellate, but the statute authorizes the review, and I think creates a new jurisdiction depending upon no other fact than the existence of a final judgment in this court and the county court, in the respective cases. This carries out the analogy in respect to writs of error and appeals, as they existed and were applied in practice in the old court for the correction of errors. The proceedings in law and equity, as such terms have been heretofore known and applied, are distinct in their nature and must go along together, *pari passu,* in this court, each regulated more or less by its peculiar characteristics ; one being a creature of the *common* and the other of the *civil* law.

Treating these appeals, therefore, as having respect to the character of the proceedings to be reviewed, which were judgments at common law, they should be considered as substitutes for writs of error, and creating and conferring upon this court a new and distinct jurisdiction. In this view the judgment rendered by this court, of reversal, was the proper and appropriate judgment. The court of appeals has practically taken this view of their power on such questions. In *Frees* v. *Ford,* (2 *Selden,* 176,) they reversed the judgment of this court with costs, on the ground that the county court had no jurisdiction of the cause ; and in the case of *Kundolf* v. *Thalheimer,* (2 *Kernan,*

593,) that court rendered the same judgment.   If the doctrine be true that an appeal universally is a mere continuation of the original suit, and that if there be no jurisdiction in the inferior court, there is none in the appellate, the court of appeals in both of these cases should have remanded these causes, with directions to the county courts to dismiss them.   The court of appeals is simply an appellate court.   This court, on the contrary, is a court of original jurisdiction.   It has the common law power to review the proceedings of all inferior courts or officers, and reverse them for want of jurisdiction.   Before the code, its processes of review were writs of error and certiorari.   The writ of error is, I insist, merely changed into an appeal; but without the appeal this court would be authorized to bring up the proceedings of any inferior tribunal, by the common law writ of certiorari, which is not taken away by the code.   The occasion for a review, in respect to this court, confers the right and the duty.   Our jurisdiction does not depend upon the statute giving an appeal; it is original, inherent; it rests upon the constitution, which, with the judiciary act of 1847, retains to it all the original jurisdiction of the court of king's bench, and superadded to that we have all the original jurisdiction of the court of chancery with its appropriate process.   It is a mistake to say of this court that it has not jurisdiction over any wrong done by any judicial or other tribunal, acting under the color or authority of law.   It is not true to say of this court that if the inferior court or tribunal had no jurisdiction, this court has none.   The absence of jurisdiction in an inferior court is in many cases the very basis of jurisdiction here.   We use such process or mode of proceeding as the legislature has prescribed; but where there is a wrong and no specific mode of redress, our duty is an original one, by the application of old principles to new cases.   Where the cases speak of the failure of jurisdiction in this court, from a want of jurisdiction in an inferior court, they mean jurisdiction to *adjudicate upon the merits* of the case, and so far the doctrine is true.   We could not, on the ground that this court had original jurisdiction of the subject matter for which these actions were brought in the court below,

proceed to hear and decide the cases upon their merits. To this extent the doctrine, that the appellate court has no more jurisdiction than the inferior court, is true, but no further. We had ample jurisdiction to reverse these judgments, and to award costs of this court, and of all proceedings in this court; and that is sufficient to entitle the appellants to costs in this court. The decision of the clerk in these several causes, so far as it relates to costs in this court, should be affirmed; but as each party has in part succeeded here, neither should have costs on these motions or appeals. The clerk's adjustment of costs, so far as it allows costs in the Monroe county court, reversed, and so far as it allows costs in this court, affirmed.

[Monroe General Term, September 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]