REUBEN F. HARRIOTT *v.* THE NEW JERSEY RAILROAD AND
TRANSPORTATION COMPANY.

Where the complaint presents a *prima facie* case of jurisdiction, and the
question is not raised by the issues, but the plaintiff, on the trial, admits
the fact which shows the want of jurisdiction, his non-residence, and the
complaint is dismissed on that ground;—*Held*, such an adjudication of the
action as will entitle the defendant to a judgment for costs.

The rule that costs will not be allowed on the dismissal of a complaint for
want of jurisdiction, applies only in cases where the want of jurisdiction
appears on the face of the summons or complaint, or the Court is called
upon to adjudicate the question on plea or demurrer.

(Reversing the decision of the Special Term in *Harriott* v. *N. J. R. R. & T.
Co.*, 8 Abbotts' Pr. R., 284; following *McMahon* v. *Mutual Benefit Ins. Co.*,
3 Bosw., 644; and *Gormly* v. *McIntosh*, 22 Barb., 271.)

APPEAL by the plaintiff from an order at Special Term, set-
ting aside two judgments for costs awarded to the defendant.

The action was brought to recover damages against the
defendants, a foreign corporation, for negligently and care-
lessly killing the plaintiff's horse in New Jersey.

The plaintiff was a non-resident, but this fact did not appear
in the pleadings.

After issue joined the defendants obtained an order to com-
pel plaintiff to file security for costs.

On the trial of the cause, the plaintiff admitting that he was
a non-resident, the defendant moved to dismiss the complaint
on the ground that the Court had no jurisdiction. The Court
(DALY, F. J.) granted the motion, and judgment was ordered
for the defendants. The plaintiff appealed from this judgment
as a whole, but taking no exception to that part of it which
allowed costs. On the appeal the judgment was affirmed, and
entered up with the additional costs of appeal. (The opinion
of the General Term on appeal will be found reported in 8
Abbotts' Pr. R., 284.)

The plaintiff then moved to set aside the allowance of costs
and the judgments on the ground that the Court having no

jurisdiction of the subject matter of the suit, could not award costs. The Court at Special Term, (HILTON J.) granted the motion, and ordered the judgments to be set aside. (The opinion of Judge Hilton is reported in 8 Abbotts' Pr. R., 293.)

From this order, the defendants then appealed to the General Term.

*Edgar S. Van Winkle,* for appellants.

*James Gerard* and *E. Yenni,* for respondents.

BRADY J.—The defendants, though a foreign corporation could be sued in this Court by a resident of the State, for any cause of action, and by a plaintiff not a resident of the State, when the cause of action arose or the subject of the action was situate within this State. (Code, § 427.) The plaintiff being a resident of New Jersey, sued the defendants in this Court upon a cause of action arising in New Jersey, and when the fact of his residence in that State was disclosed at the commencement of the trial, the complaint was dismissed for want of jurisdiction. The plaintiff selected the forum, and the defendants were obliged to appear and defend, it not appearing by the complaint that the plaintiff was not a resident of this State. The question presented by these facts is whether the defendants are entitled to costs. The Superior Court of this city has considered and determined the question in favor of the right, and for reasons which are satisfactory to my mind. (*McMahon* v. *Mutual Benefit Life Insurance Co.,* 3 Bosw., 644.)

The case of *Gormly* v. *McIntosh,* (22 Barb., 271,) upon which the respondent chiefly relies, differs from the one in hand. The want of jurisdiction in the County Court was "apparent upon the face of the summons and complaint," and the rule in regard to costs in such cases, is not the same as that which governs in cases where the want of jurisdiction does not appear. Justice SMITH, in his opinion in that case, says "the want of jurisdiction in these cases of the subject matter being apparent on the face of the summons and complaint, the County Court should have dismissed the suit without costs, in conformity with the rules so laid down by Judge COWEN in *Malone* v. *Clark,* (2 Hill, 657,) and it follows that

Harriott v. N. J. R. R. & T. Co.

no costs can be recovered by the appellants in the County Court, and the allowance on taxation must be reversed. This rule in respect to costs cannot apply in cases where the want of jurisdiction *does not appear* upon the face of the proceedings, but it is presented by plea on demurrer, and the Court is called to adjudicate upon the question." When however the question is presented in that mode, the complaint showing a *prima facie* case, the prevailing party is entitled to costs. Justice SMITH cites several cases in support of the doctrine stated.

The complaint in this action presented a *prima facie* case of jurisdiction, and the Court could not have dismissed the action upon the complaint alone. The defendants by answering did not waive the objection to the jurisdiction (Code, § 148) which could be urged upon the trial in the nature of either plea or demurrer, and on this case upon proof of the fact that the plaintiff was a non-resident of this State. The admission of the fact mentioned only relieved the defendants from the necessity of proving it, but when admitted it became necessary for the Court to adjudicate upon the question, and costs followed as already shown. If the defendants had set up by plea or answer that the plaintiff was a non-resident, it is clear on the authority of *Gormly* v. *McIntosh*, and cases cited, that the defendants would be entitled to costs, and as they were not obliged to set it up, but could prove it by way of answer or demurrer at the trial, the result must be the same. If the plaintiff had not admitted the fact, he could have gone in with his proofs and compelled the defendants to prove the fact of his non-residence in support of their objection that the Court had no jurisdiction. The burden of proof was upon them. This case is therefore to all intents and purposes, an adjudication upon the question of the plaintiff's residence. The plaintiff is not the prevailing party, and such being the fact, as shown by the opinion of Justices BOSWORTH and WOODRUFF in *McMahon* v. *Mutual Benefit Life Insurance Co.*, *supra*, the defendants are entitled to costs.

I think the order of the Special Term should be reversed with ten dollars costs.

DALY, F. J., concurred.

HILTON, J., dissented.