OLIVER PORTER, APPELLANT, *v.* AUGUSTUS W. KINGS-BURY AND CHARLES O. NEWTON, RESPONDENTS.

*Pendency of former action — plea of — relates to time of commencement of suit in which it is interposed.*

On July 7, 1875, the plaintiff herein commenced an action against the defendants upon an undertaking given by them. A demurrer interposed by them was overruled at the Special Term, but sustained upon an appeal to the General Term; and on January 3, 1876, judgment was entered therein dismissing the complaint with costs. On February 17, 1876, this action was commenced by the same plaintiff against the same defendants upon the same cause of action. March 11, 1876, the plaintiff appealed, in the first action, from the decision of the General Term to the Court of Appeals. March seventeenth the defendants

served an answer in this action, setting up as a defense that another action was pending between the same parties for the same cause of action.'

*Held,* that the plea referred to the time of the commencement of the action; that, at that time, the former action had been terminated by a final judgment upon the demurrer, and was no longer pending, and that the plea should, therefore, be overruled. (BOARDMAN, J, dissenting.)

*Semble,* that the defendant's remedy was to apply for a stay of proceedings in this action, during the pendency of the appeal in the first.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court, without a jury.

On the 7th of July, 1875, plaintiff Porter commenced an action upon an undertaking executed by the defendants Kingsbury and Newton, to recover the amount alleged to be due thereon. To that complaint defendants demurred on the grounds:

I. That the complaint does not state facts sufficient to constitute a cause of action.

II. That the court has no jurisdiction of the persons of the defendants or the subject of the action.

The issue of law, thus joined, was tried at the Cortland Special Term, September, 1875. The demurrer was overruled and defendants given leave to answer. Defendants appealed to the General Term from the order overruling the demurrer. At November term, 1875, the order of the Special Term overruling the demurrer was reversed, and the demurrer sustained, and the complaint dismissed with costs. (5 Hun, 597.) Judgment was entered dismissing the complaint with costs, January 3, 1876.

February 17, 1876, this present action was commenced upon the same undertaking set forth in the complaint in the action commenced July 7, 1875. After the commencement of this present action, viz., March 11, 1876, Porter appealed to the Court of Appeals, in the first action, from the judgment entered January 3, 1876, dismissing the complaint with costs, and gave the undertaking provided for by section 334 of the Code. March 17, 1876, the defendants answered, in this present action, setting up: " That there is another action pending between the same parties for the same cause of action as that stated in the complaint in this action" and that an appeal had been taken by the plaintiff therein.

Upon the trial the court found among other things, as follows,

viz: "the subject-matter sought to be litigated in this action is the identical subject-matter being litigated in the aforesaid action between the same parties, commenced July 7, 1875, and now pending and undetermined in the Court of Appeals."

*O. Porter*, for the appellant. The appeal brought March 11, 1876, is not good as a plea in abatement. An appeal from a final judgment at common law is the commencement of a new suit and not the continuation of an old one. It is so held in the following cases: *Gormly* v. *McIntosh* (22 Barb., 271), *Rice* v. *Floyd* (1 Comst., 608), *Enos* v. *Thomas* (5 How., 361–366), *Pratt* v. *Allen* 19 How., 450–456). The appeal may be brought and prosecuted by a new attorney without substitution. (*Pratt* v. *Allen*, 19 How., 450–456; *McLaren* v. *Charrier*, 5 Paige, 530; *Fenno* v. *Dickinson*, 4 Denio, 84.) At the time this present action was commenced, a right of action had accrued against the defendants upon the undertaking, and that right of action is not divested by the appeal, taken after the commencement of this action, from the final judgment dismissing the complaint in a prior action, upon the ground that it did not state facts constituting a cause of action. (*Burrall* v. *Vanderbilt*, 6 Abb., 70, 73; *Bowman* v. *Cornell*, 39 Barb., 69.) This defense arose after the action was commenced. (*Curtis* v. *Cobb*, 8 Johns., 470, 471; *Lowry* v. *Lawrence*, 1 Caines R., 69–71; *Jenkins* v. *Pepoon*, 2 Johns. Cases, 312.)

*Waters & Knox*, for the respondents. The subject-matter is identical, as both actions are founded upon the same undertaking to recover the same amount upon the same promise and against the same parties. The former action is pending while the appeal is pending. (4 Denio, 84; 7 Wend., 434; 21 id., 270; 25 N. Y., 485; 8 How., 140; 12 Abb., 247; 2 Duer, 611.) The pendency of another action between the same parties for the same cause is a defense, and the objection may be taken by demurrer if it appear on the face of the complaint (Code, § 144), and by answer if it do not appear on the face of the complaint. (Code, § 147; 16 Barb., 461; Gould's Pl., chap. 5, § 122, p. 283; 14 Abb. Pr. R., 206; 9 How., 228; 2 Duer, 611; 9 Paige, 296; 13 Barb., 183; 17 How., 69.)

LEARNED, P. J. :

The plea of. another action pending, was an allegation that such other action was pending at the time when the action was commenced in which the plea was put in. So distinctly did the plea have reference to the time of the commencement of the action in which it was pleaded, that it was not necessary to aver. that the former action was still pending at the time when the plea was pleaded, although it was customary to aver this. (1 Chitt. Pl., 454, note 2.) This matter was discussed at some length in *Commonwealth* v. *Churchill* (5 Mass., 174), where an old case is cited at length from the year books. And in the Massachusetts case it was held that where a defendant pleaded the pendency of a former action, and there was a replication that since the plea pleaded the plaintiff in the former action had become nonsuit, the replication was bad. The court say that it must appear that the first writ was pending when the second was purchased.

Now when this present action was commenced the former action had been terminated by a judgment for the defendant upon the demurrer. This was a final judgment, and the action was no longer pending. When, therefore, this present action was commenced there was no other pending for the same cause.

It is true that after this action had been commenced the plaintiff appealed to the Court of Appeals from the judgment in the former action. And it may be asked, what was the remedy of the defendant ? It seems to me that he should have applied for a stay of proceedings in this action during the appeal in the former. In that case, if the former judgment should be affirmed (as we were informed on the argument that it had been), the present action could have proceeded. If it had been reversed, the court could have perpetually stayed proceedings in this present action.

But now the defendant has pleaded in bar the pendency of the former action, which was not pending when this action was commenced, and which (as above stated) is now finally disposed of, and the plaintiff is defeated both in this and in the former action, without having been heard on the merits.

The judgment should be reversed and a new trial granted, costs to abide event.

BOARDMAN, J. (dissenting):

If the Court of Appeals should sustain the decision of the Special Term in the former suit pleaded by the defendants in this action, the plaintiff would recover upon the same instrument now sued upon and the same amount now claimed in this action. There is, therefore, no doubt of the identity of the causes of action in the two cases. If they were pending at the same time the first action may be alleged as a reason why the second action should not be sustained. (Code, §§ 144, 147.) Until the former action is finally disposed of the second one is improperly brought. In this instance the second action was brought after the General Term had sustained the defendants' demurrer to the complaint in the first action on the ground that the complaint did not state a cause of action. If the case had stopped there no doubt the plaintiff could properly have brought this new action. But after bringing this new action the plaintiff appeals from the decision of the General Term to the Court of Appeals. By such conduct he is so situated that he may recover two judgments upon one cause of action. To prevent such a result the defendants necessarily interpose the former suit still pending by virtue of the plaintiff's appeal to the Court of Appeals. It is not deemed of importance that the appeal was taken in the first action after the second action was begun. The alleged defense existed when the answer was put in, and was properly included therein. The plaintiff, by his own act, had rendered it not only proper but necessary that such defense should be interposed. The plaintiff should have continued the pursuit of his rights under the first action or, abandoning that, brought the present action. He had an election which course to pursue, but the law would not and ought not to tolerate both. If the second action can be permitted at all, the proceedings in it should have been stayed until the Court of Appeals had finally disposed of the former action. Neither party asked this upon the trial. Both, apparently, sought a trial of the issue. As the plaintiff did not ask that the action should stand over, nor the defendant ask for a stay until the decision of the Court of Appeals, nothing remained for the court but to try the issue. On the facts found (and they are conceded) it is difficult to see how the learned judge could find otherwise than he did. It is evident the same relief sought in this action might be afforded by the Court of

Appeals in the former action, and that until the termination of the former action *adversely to the plaintiff*, he ought not to be permitted to pursue to judgment another and different. remedy.    These views are sustained, in my judgment, by the following cases : *Fenno* v. *Dickinson* (4 Den., 84), *Nones* v. *Homer* (12 Abb., 247), *Traver* v. *Nichols* (7 Wend., 434), *Groshon* v. *Lyon* (16 Barb., 461), *Robinson* v. *Plimpton* (25 N. Y., 484), *Johnson* v. *Yeomans* (8 How., 140).

It is believed the decision at Special Term is correct and the judgment should, therefore, be affirmed with costs.

Present — LEARNED, P. J., BOARDMAN and SAWYER, JJ.

Judgment reversed, new trial granted, costs to abide event.