WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURRO-GATE.—December, 1880.

## POPHAM v. SPENCER.

*In the matter of the estate of* GEORGE L. SPENCER, *deceased.*

A petition by an executrix of an executor for an accounting, under section 2606 of the Code of Civil Procedure, cannot include an application under section 2693 for the appointment of an administrator with the will annexed in the place of petitioner's testator. The proceedings in each case are separate and distinct.

An executrix of an executor, although also a legatee of such executor's testator, cannot in her latter capacity cite herself as such executrix to account, under section 2606, because she cannot sue herself.

The petition under section 2693, for the appointment of an administrator with the will annexed, must comply with section 2660, and name some person or persons having the prior right to whom such letters should be awarded.

The Surrogate who appointed a deceased executor has jurisdiction over the latter's executrix although appointed by the Surrogate of another county, but so far only as the estate of the testator of such deceased executor is concerned.

APPLICATION for an accounting by the executrix of an executor, and for the appointment of an administrator with the will annexed.

George L. Spencer died in 1868, leaving a last will and testament, which was admitted to probate by the Surrogate of Westchester county in June of that year. By his will he gave his household furniture, and horses and carriages to his wife, Lorraine Spencer. He appointed William H. Popham his executor, and gave him power to sell and convey his real estate, to collect what might be due to him and to pay his debts. The proceeds of the real estate, and the residue of his personal property,

he directed his executor to invest, and pay the income to his widow during her life, and at her death, to pay certain legacies.   The executor duly entered upon his duties under the will, and died in 1880, leaving a last will and testament, which was admitted to probate by the Surrogate of New York, and of which his widow, Sarah H. Popham, the petitioner, is executrix.

The latter recently presented a petition to this court, stating the above facts, and that the widow of Spencer was insane ; that petitioner was desirous of rendering a final account of all the proceedings of said William H. Popham, as such executor, during his life-time, and of her own since the assets came into her hands, and praying for a citation requiring the creditors, legatees, &c., of George L. Spencer, deceased, to attend a final settlement of her accounts, and for the appointment of an administrator with the will annexed.   On the return of the citation, with proof of due service on all parties in interest, a question arose as to the jurisdiction of the Surrogate in the premises.   It was admitted that Mr. Popham had never rendered any account as executor.

CHARLES E. CROWELL, *for petitioner.*

D. S. HERRICK, *guardian ad litem for the widow, a lunatic.*

THE SURROGATE.—The petition has a two-fold object ; 1st, the rendering of an account by the executrix of the executor, under section 2606 of the Code ; and 2d, the appointment of an administrator with the will annexed, under section 2693.   The proceedings in each case are separate and distinct, and are improperly sought to be united.   In the first, the only person to be cited is the

executrix of the executor, and in the latter, all having a prior or equal right with the petitioner.  The decree to be entered in each proceeding is different.  As the petitioner cannot sue herself, she cannot avail herself of the provisions of the former section to cite herself as the executrix of Popham, to account to herself as a legatee of Spencer ; and, under the latter section, her petition is defective in not pointing out, as provided by section 2660, by name, herself or some other person or persons having a prior right, to whom she desires such letters of administration to be awarded.  It does not show, as it should, the relative rights of any of the persons named in it.

The petition must, therefore, be dismissed, without prejudice to the right of the petitioner to renew the application, in a proper form, for the appointment of a successor to Mr. Popham.

Although the will of Mr. Popham was proved in New York, and the Surrogate of that county has exclusive jurisdiction over *his* estate, and control over his executrix in respect to it, yet section 2606 confers upon me jurisdiction over her, when properly invoked, so far only as the estate of Spencer is concerned.  As there does not appear to be any provision made for a voluntary accounting by her, I will entertain an application made by any person designated in that section as having a right to call her to account.

Ordered accordingly.