IN THE MATTER OF THE LAST WILL AND TESTAMENT OF SARAH GATES, DECEASED.

*Appeal from the decree of a surrogate — when it is a separate and independent proceeding — Code of Civil Procedure, sec. 3347, sub. 11 — Irregularity in a notice of appeal — waiver of.*

An appeal to the General Term of the Supreme Court from the decree of a surrogate refusing to admit a will to probate, is a separate and independent special proceeding within the meaning of subdivision 11 of section 3347 of the Code of Civil Procedure, which provides that chapters 14 to 20 of that act shall only apply to actions or special proceedings commenced on or after September 1, 1880; and an appeal taken after that date from a decree previously entered is governed and must be regulated by the provisions of the said Code.

A failure to specify in a notice of appeal, to what court the appeal is taken, is a mere irregularity which the respondent waives by appearing, noticing the appeal for argument and putting it on the calendar.

MOTION on the part of James O. Gates and others, respondents, to dismiss the appeal taken by Amelia A. Dougall and others from the decree of the surrogate of Oneida county, refusing probate to an instrument purporting to be the last will and testament of Sarah Gates, deceased.

*Harvey S. Bedell* and *John D. Kernan*, for the respondents.

*Joseph S. Avery* and *A. M. Beardsley*, for the appellants.

SMITH, J.:

The proceedings for the proof of the will of the above-named Sarah Gates were commenced before the surrogate of the county of Oneida in December, 1879. On the 15th of February, 1881, the surrogate made a decree refusing probate, and on or about the 16th of April, 1881, the appellants sought to appeal from said decree and instituted proceedings for that purpose. They served a notice of appeal on all the parties interested and on the surrogate, and they filed an undertaking with the surrogate. The notice of appeal and the undertaking were in accordance with the provisions of the Code of Civil Procedure in respect to appeals from decrees of Surrogates' Courts, except that the notice did not specify to what court the

appeal was taken. A case was made, amendments were proposed to it and the case was settled as required by section 2576 of the Code. The respondents' attorney noticed the appeal for argument at the October term of this court and placed it on the calendar as a preferred cause, and in September last he stipulated in writing that the case and notice of appeal be printed and that a printed copy be filed as the original.

The ground mainly relied on in support of the motion to dismiss the appeal is that the appeal should have been taken by petition, bond to the people, etc., as required by the practice prior to the Code of Civil Procedure, if any mode of appealing existed at all; in other words, that at the time when the notice of appeal was served the only mode of appeal (if any) then existing, was that prescribed by the Revised Statutes and the rules of court which were in force prior to the adoption of the Code. The respondents contend that as these proceedings (that is, the proceedings before the surrogate for the proof of the will) were commenced before the 1st day of September, 1880, they are excepted from the operation of the Code (§ 3347, sub. 11); and that the repeal of the provisions of the Revised Statutes as to appeals from Surrogate's Courts, by chapter 245 of the Laws of 1880 (§ 1, sub. 2, paragraph 3), abolished the only method of appealing from those courts. We are not prepared to adopt those views.

The repeal of the provisions of the Revised Statutes respecting appeals from Surrogate's Courts, which was effected by chapter 245 of the Laws of 1880, was subject to several qualifications specified in section 3 of that chapter. One of those qualifications is in the following words: 5. " It " (such repeal) " does not affect the power or authority of a court other than the Supreme Court, a Superior City Court, the Marine Court of the City of New York, or a County Court, in an action or a special proceeding, of which such a court retains jurisdiction, under the laws in force, after this act takes effect, nor does it affect any future proceeding taken pursuant to law in such an action or special proceeding except as otherwise implied in the Code of Civil Procedure."

That qualification had the effect to except from the operation of the repeal any proceeding thereafter taken, in an action or special proceeding then pending in a Surrogate's Court, except as otherwise implied

in the Code. We are of the opinion that the proceedings for the proof of the will in question are to be regarded as "an action or special proceeding" within the meaning of subdivision 5 above quoted. (Code Civil Pro., § 3334.) And it is clear that as those proceedings were commenced before the 1st day of September, 1880, they were pending in the Surrogates' Court when the repealing act took effect; and the present appeal, taken in April, 1881, is to be regarded as a "future proceeding" in such action or special proceeding within the meaning of said enactment. The result of this construction is to leave the appeal to be regulated by the law and practice existing on the 31st of August, 1880, unless "otherwise implied in the Code." On the same day on which the said repealing act took effect, chapters 14 to 21 of the Code of Civil Procedure went into operation. Chapter 18 relates to Surrogate's Courts and proceedings therein, and the fourth article of that chapter treats of appeals from those courts, and contains the provisions which the appellants have attempted to follow in bringing their appeal. Turning to section 3347, subdivision 11 of the Code, we find that it provides that so much of chapters 14 to 20 as regulates the proceedings to be taken in an action or special proceeding, and the effect thereof, applies only to an action or special proceeding commenced *on or after* the 1st day of September, 1880, with certain specified exceptions not applicable to this case. If, therefore, we are right in saying that this appeal is a proceeding in "an action or special proceeding" pending in the Surrogate's Court, the implication from the provisions of the Code above referred to is clear that the present appeal is regulated by the Code and not by the former practice, it having been taken subsequently to the date above named. The case turns upon the question whether the appeal is a separate and independent proceeding within the meaning of the qualification above cited (Laws of 1880, chap. 245, § 3, subd. 5), or whether it is merely a continuation of the "action or special proceeding" in the Surrogate's Court. We are aware that in some cases and for some purposes, an appeal has been held to be, not a new action, but merely a continuation of the original action. So held as to an appeal from the Special to the General Term, the case continuing in the same court (*Johnson* v. *Yeomans*, 8 How. Pr. R., 140), and as to appeals from Justices' Courts to the Common Pleas, under the

## 182 MATTER OF GATES.

Revised Statutes, where the only remedy was a new trial in the appellate court. (*Traver* v. *Nichols*, 7 Wend., 434; *Fenno* v. *Dickinson*, 4 Denio, 84; *Gormly* v. *McIntosh*, 22 Barb., 271.) But as the appeal from the Surrogate is to another court, and may bring up the entire proceedings before the Surrogate for review, we think it is to be regarded as a proceeding in the "action or special proceeding" for the proof of the will within the meaning of the qualifying clause above quoted.

Subdivision 11 of section 3347 of the Code above referred to was amended on the 26th of July, 1881 (chap. 681), by inserting immediately after the provision already referred to, the following : " And all appeals taken from any order, sentence, decree or determination of a Surrogate's Court, made or entered in such court on or after the 1st day of September, 1880, in any matter or proceeding pending or undetermined in such court on the 1st day of September, 1880, shall be taken and perfected, heard and decided in conformity to the laws and practice regulating appeals from orders, sentences and decrees of Surrogate's Court in force in this State on the 31st day of August, 1880." That provision does not apply to the present appeal which was taken before the provision was adopted. It strengthens, however, the views above suggested, since it implies very clearly that an appeal from the decision of a surrogate is a new proceeding within the meaning of chapter 245 of the Laws of 1880, which is *in pari materia*, and it also implies that but for the amendment such appeals would be controlled by the first clause of the section.

We conclude, therefore, that at the time when the appeal in this case was brought, the practice relating to such appeals was regulated by the Code of Civil Procedure. And the appeal is to be heard upon a case to be made and settled as provided by section 2576 of the Code. That practice is prescribed by the first clause of section 1, chapter 40 of the Laws of 1881, which took effect before the appeal herein was brought, and which relates to future as well as pending appeals, taken after September 1, 1880, from any order, etc., of a surrogate in any matter commenced before the 1st of September, 1880.

The only other position taken by the respondents' counsel in support of the motion is that the notice of appeal did not state to what

court the appeal was taken. The omission was a mere irregularity, which the respondents have waived by appearing, noticing the appeal for argument and putting it on the calendar. (*Pearson* v. *Lovejoy*, 53 Barb., 407; S. C., 35 How. Pr. R., 193.)

The motion to dismiss is denied, with ten dollars costs.

TALCOTT, P. J., and HARDIN, J., concurred.

Motion to dismiss appeal denied, with ten dollars costs.