## Supreme Court—General Term—Fourth Department.

### January, 1883.

## McKEON v. PEOPLE.

### REVIEW BY CERTIORARI.—EVIDENCE.

A conviction after the passage of the Code of Criminal Procedure, upon an indictment theretofore found, cannot be reviewed by writ of error, writs of error and of *certiorari*, as theretofore existing, being abolished by section 515 of the Code of Criminal Procedure.

The suing out of such a writ is the commencement of a new action or proceeding, and not the continuance of the old one, and is therefore not within the saving clause of section 962 of said Code.

Where the people give evidence tending to prove that defendant failed to appear for trial at the term to which he had given bail, though able to do so, it is proper for defendant, in order to rebut the inference of guilt or fear thereby raised in the minds of the jury, to show the reasons for his non-attendance, and, if requested to appear at the adjourned term, his good faith in preparing for trial at such time.

Writ of error to the court of Sessions of Wyoming county to review the conviction of Thomas McKeon, the plaintiff in error, of the crime of burglary and larceny, after having been convicted of felony.

The facts and exceptions appear in the opinion. ~

*M. E. & E. M. Bartlett*, for plaintiff in error.

*I. Samuel Johnson*, district attorney, for the people, defendant in error.

HAIGHT, J.—The plaintiff in error was indicted in May, 1880, and tried and convicted on November 19, 1881. The Code of Criminal Procedure went into effect September 1, 1881.

Section 515 of the Code provides that "writs of error and of certiorari in criminal actions, as they have heretofore existed, are abolished, and hereafter the mode of reviewing a judgment or order in a criminal action is by appeal."

Section 962 provides that "this Code applies to criminal actions, and all other proceedings in criminal cases, which are

herein provided for from the time when it takes effect; but all such actions and proceedings theretofore commenced must be conducted in the same manner as if this Code had not been passed."

The plaintiff in error contends that inasmuch as the indictment was found prior to the Code's going into effect, the action and review by writ of error must be conducted in the same manner as if the Code had not been passed. This we do not understand to be correct.

The suing out of a *certiorari* or writ of error is the commencement of a new action or proceeding, and is not the continuance of the old one. Femu *v.* Dickinson, 4 *Den.* 84–5; Gormley *v.* McIntosh, 22 *Barb.* 271–3, and authorities there cited; see, also, Matter of the will of Gates, 26 *Hun*, 179.

By section 515 these writs were abolished. Under section 962, where writs are sued out before the Code went into effect, the proceedings thereunder would be conducted in the same manner as if the Code had not been passed. This writ, however, was sued out after the Code went into effect. It was the commencement of a new action or proceeding, and is therefore not brought within the saving clause of section 962.

The Criminal Code having recently gone into effect, the practice is new. The district attorney should have moved seasonably to have had the writ quashed; failing to do so, he may now properly be regarded as having waived the defect.

Upon the trial the people gave evidence tending to prove that the defendant was admitted to bail, and that he failed to appear for trial at the October Court of Sessions, in 1881; that during the session of the court he was about the streets of Bradford, Pennsylvania, in a condition to come to Warsaw, the place where the court was held. Upon the defense, the defendant's counsel offered to show by the defendant that during the term of court the defendant was seriously ill, and that "Dr. Ray stated to him at that time that it would endanger his life to leave his room and come down here," meaning Warsaw, the place of trial. This was objected to, the objection was sustained, and exception taken by the defendant's counsel. Witness also testified that he was advised that the court at which he was to be tried, and which he did not attend, had been adjourned.

The question was then asked, " Were you requested to be at the adjourned term?" This was objected to, the objection sustained, and exception taken by the defendant. He was also asked the question, "Did you also communicate information that you would be here on that day?" meaning the adjourned day. This was objected to, objection sustained, and exception taken by the defendant.

Also the question, " Had you made arrangements for the expenses of your trial and your witnesses on that day?" Objected to, sustained, and exception by the defendant.

These rulings, we think, were erroneous. The people having given evidence showing his non-appearance at the court, to which he had given bail, and at which he was required to attend for trial, it doubtless led the jury to infer that he was afraid to submit to a trial upon the merits.

It was therefore, proper for him to show the reasons for his non-attendance, and, if he had been required to attend at the adjourned term, his good faith in preparing for trial at such adjourned term. If he were, in fact, prevented by sickness, it would entirely rebut any inference of guilt, or of fear to submit to a trial.

We are of the opinion that the judgment and conviction must be reversed, and the proceedings remitted to the Court of Sessions of Wyoming County, for a new trial in that court.

SMITH, P. J., and HARDIN, J., concur.

NOTE.—Writs of error and *certiorari* are abolished only as to *criminal actions*, not as to special proceedings of a criminal nature. People *ex rel.* Fuller *v.* Carney, *ante*, p. 270.