NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—January, April, 1884.

BUNNELL V. RANNEY.

*In the matter of the accounting of* CATHARINE H. RAN-
NEY, *as executrix, and* WALTER L. RANNEY, *as
executor of the will of* LAFAYETTE RANNEY, *de-
ceased executor of the will of* ALFRED A. RANNEY,
*deceased.*

A Surrogate's court has no jurisdiction to judicially settle the account
of an executor, as such, upon the petition of his executor or
administrator.

Such a special proceeding is not within the purview of § 2606 of the
Code of Civil Procedure, which provides for an accounting by an
executor or administrator of one who occupied that relation to
another, only as to assets of the first decedent which have come into
the hands of the representative of the second, and only at the in-
stance of a creditor of, or person interested in, the estate of the first
decedent, or a successor or survivor of the representatives of the
latter.

A Surrogate's court, upon dismissing a proceeding for want of juris-
diction of the subject-matter, cannot award costs against the defeated
party.

APPLICATION by Jennie V. Bunnell, administratrix
with the will of Alfred A. Ranney, deceased, annexed,
to dismiss proceedings instituted by Catharine H. Ran-
ney, executrix, and another as executor, to procure a
judicial settlement of the account of their testator,
Lafayette Ranney, as the executor of the first men-
tioned decedent. The facts appear sufficiently in the
opinion.

BUNNELL V. RANNEY.

L. B. BUNNELL, *for administratrix.*

CHARLES STRAUSS, *for executrix and executor.*

THE SURROGATE.—This is a proceeding instituted by the executor and executrix of the late Lafayette Ranney, who in his lifetime was this decedent's executor. It has for its object the judicial settlement of the account of Lafayette Ranney, as such executor of Alfred A. Ranney, the decedent. Upon the filing of the petition herein, citations were issued to all parties interested in the estate, except the administratrix with the will annexed, who had not then been granted letters as such. She subsequently appeared by her attorney, who now, after a spirited contest over the petitioners' accounts has reached its close, and just as a decree is about to be entered, presses upon the attention of the court an objection to its jurisdiction to entertain these proceedings, and moves that they be dismissed. In neglecting, until the last stage of this proceeding, to urge the objection upon which he now relies, counsel's conduct may perhaps be open to criticism, but the objection must, nevertheless, be considered, and if well founded must be sustained, even though as a result it should appear that the proceedings have been from the outset void for lack of jurisdiction.

I am forced to hold that such is the case. There is no warrant in the Code for any proceeding like that which is now the subject of consideration. It is not within the purview of § 2606. That section simply provides for an accounting by an executor or administrator of a decedent who was himself, in his lifetime, the executor or administrator of another, as to such

assets of that other, and such only, as have come into his own hands, and it confers power to initiate such an accounting proceeding only upon the successor of the first decedent's executor or administrator, or upon a surviving associate of such executor or administrator, or upon a creditor of the first decedent, or a person interested in his estate. There is no provision of law which authorizes the representatives of a deceased executor or administrator to initiate and conduct a proceeding for the accounting of their decedent, in the estate whereof he was himself executor (Spencer v. Popham, *5 Redf.*, *428;* Popham v. Spencer, *4 Redf.*, *401*).

A proceeding may be brought in this court by or against the executor or administrator of decedent A., who was himself the executor or administrator of decedent B., for an accounting with respect to decedent A.'s estate. The parties interested in the estate of decedent B. will be entitled upon such accounting to assert, in common with the other creditors of A., such claims as they may have against his estate on account of any liability he may have incurred by reason of his administration of B.'s estate (see Murray v. Vanderpoel, *ante, 311;* Maze v. Brown, *ante, 217;* Dakin v. Demming, *6 Paige, 95;* Montross v. Wheeler, *4 Lansing, 99;* Farnsworth v. Oliphant, *19 Barb., 30*). This is not such a proceeding. It was commenced for the purpose of adjusting the accounts of Lafayette Ranney, as they concerned the estate of his testator, Alfred A. Ranney, and, as incident thereto, for the distribution of the assets of Alfred A. Ranney's estate. Such a proceed-

ing is not authorized by law. It must, therefore, be dismissed.

On April 4th, 1884, the following opinion was filed in the same matter :

THE SURROGATE.—I doubt the power of this court to allow, against the defeated party, the costs of the late reference. I have heretofore decided that the Surrogate had no jurisdiction to entertain the proceeding in which that reference was ordered. It is true that, under certain circumstances, costs have been allowed, though the court allowing them has declared itself without jurisdiction of the proceeding in which such costs have been awarded. Those cases, so far as I have discovered, have arisen under statutes which expressly direct the award of costs to the successful and prevailing party (Code of Procedure, §§ *303*, *305*; Thiem v. Madden, *27 Hun*, *371*; Humiston v. Ballard, *63 Barb.*, *11*; King v. Poole, *36 Barb.*, *247*; McMahon v. Mut. Benefit Life Ins. Co., *3 Bosw.*, *645*; Harriot v. N. J. R. R. Co., *1 Daly*, *377*; Cumberland Coal & Iron Co. v. Hoffman Steam Coal Co., *39 Barb.*, *16*).

In the absence of such a statutory provision, the court seems powerless to make such allowance (Gormly v. McIntosh, *22 Barb.*, *273*; Harriott v. N. J. R. R. & T. Co., *supra*; *Ex parte* Mallard, *6 Cowen*, *593*; The People v. J. J. of Madison Co., *7 Cowen*, *423*; *Ex parte* Benson, *6 Cowen*, *592*; McMahon v. Mutual Benefit Life Ins. Co., *supra*).

Even if I were sure that I had discretionary authority

to grant this application, I think that, under all the circumstances, I ought to deny it.

Denied.