WESTCHESTER COUNTY.—Hon. OWEN T. COFFIN, SURRO-
GATE.—July, 1881.

SPENCER v. POPHAM.

*In the matter of the estate of* GEORGE L. SPENCER, *de-
ceased.*

Under Code Civ. Pro., § 2606, the representative of a deceased executor,
etc., may be compelled to render successive accounts to each of the
persons therein mentioned as having a right to demand an account,
etc.

*It seems,* that the rule is otherwise with respect to an accounting required,
under section 2605, of a representative whose letters have been revoked,
for, in that case, he may apply for a judicial settlement of his account
under section 2732.

A legatee who institutes proceedings under section 2606, wherein a decree is
rendered directing the delivery of trust property, is not entitled to a
direction for the delivery thereof to himself, but only to a successor in
office, or "such other person as is authorized by law" (§ 2603), to re-
ceive it, in order to properly administer the same; the object of the sec-
tion being to enable any one interested to compel the placing of the
funds in official custody.

A testamentary trustee who mingles trust funds with his own, and uses
them in his business, is chargeable, in the absence of proof by him as
to the profits made, with compound interest.

The appointment of a special guardian for a party as a lunatic, upon an
allegation of a petitioner in a proceeding for another purpose, is a mere
matter of routine, and not an adjudication of lunacy.

A variance between the relief prayed for in a petition, and that specified in
the citation issued thereupon, is curable by amendment.

PETITION of Lorraine Spencer, a legatee under the
will of George L. Spencer, deceased, to compel Sarah H.
Popham, executrix, etc., of William H. Popham, de-
ceased executor, etc., of the first named decedent, to
account, etc., under Code Civ. Pro., § 2606.

The petitioner was a legatee under the will of George
L. Spencer, deceased. Popham, the executor of Spen-

cer, was dead, having left a will, of which Sarah H. Popham was executrix. Recently, Catharine S. Hall, having been appointed administratrix with the will annexed of Spencer, and also trustee to execute certain trusts contained therein, instituted proceedings against Mrs. Popham, to compel her to account for and deliver over such of the property of Spencer as had come to her possession ; in which a decree was made fixing the amount of such property at $15,616.09, and directing its delivery to Mrs. Hall, on complying with which, and on filing a proper voucher therefor, it was ordered that she should be discharged from all further liability. Mrs. Popham did, subsequently, file such voucher. The petitioner, as legatee, now asked for a similar accounting from Mrs. Popham, and a delivery, etc., claiming that the whole of the fund had not been accounted for and delivered.

The relief prayed for in the petition was that Mrs. Popham should be directed to account for and deliver over the property belonging to the Spencer estate, in her hands, into the Surrogate's court, or to such person as was authorized by law to receive the same. The order for the citation directed it to be issued to Mrs. Popham, requiring her, as such executrix, to account for and deliver over to Lorraine Spencer, the petitioner, any of the trust property to which she might be entitled under the will of said Spencer. Counsel for the executrix objected that, having accounted to the successor of the executor Popham, she could not be called upon by the petitioner to render another account ; and also that the proceedings were irregular because the petition, order and citation differed as to the relief sought.

SPENCER *v.* POPHAM.

D. S. HERRICK, *for petitioner.*

CHAS. E. CROWELL, *for executrix.*

THE SURROGATE.—I do not deem the first objection well taken. Section 2606 of the Code, under which this proceeding is instituted, provides that the Surrogate's court, upon the petition of a successor of a deceased executor, or of a surviving executor, or of a creditor or person interested in the estate, has power to compel the executor to account, etc. The objection is that an accounting having been had, on the application of one of the several classes on whom the right to make such application is conferred, precludes its being done by any of the others. It will be seen, by glancing at 2 *R. S.*, 92, § 52, that a creditor, legatee or next of kin could, under the recent law, cause an executor or administrator to render an account. Several creditors or legatees could compel separate accountings, and the only way for the executor to escape the annoyance of frequent accountings, was to apply, under 2 *R. S.*, 93, § 60, for a citation for a final accounting. In case he failed to do so, but proceeded to account on the call of a creditor or legatee, the result was binding only upon such creditor or legatee and himself. The whole subject is now regulated by sections 2726 to 2729, inclusive, of the Code, in so far only as ordinary accountings are concerned, those sections not affecting the accounting, etc., under section 2606. By its provisions, the court has the same jurisdiction to compel an accounting and delivery, which it would have, as against the decedent, if his letters had been revoked. By section 2603, the decree revoking the letters of an executor may, in the discretion of the Sur-

rogate, require him to account, etc.  By section 2605, the successor or a remaining executor, administrator, guardian or trustee, may compel an accounting by one whose letters have been revoked ; and section 2732 permits an executor or administrator whose letters have been revoked, to apply for a judicial settlement of his accounts, and to have all persons interested cited to attend.  I fail to find any provision authorizing the executor of a deceased executor to apply for a citation to all persons interested in the estate of the first testator, to attend his accounting as to that estate. That is probably an oversight, and I think an amendment securing that right to him, would be advisable. As the matter now stands, I do not see how he can escape from being compelled to render successive accounts to each of the persons mentioned in section 2606, as having the right to demand it.

In a case where letters have been revoked and a successor appointed, that successor may, under section 2605, compel the executor to account, and then the removed executor may, under section 2732, apply for a judicial settlement, and ask to have " his successor, *and* the other persons specified in section 2729,"—such " other persons " being creditors, husband or wife, if any, next of kin and legatees, etc.,—cited to attend.  If the latter section (2732) were extended so as to cover a case of this kind, it would obviate the difficulty encountered.

An objection was also taken to the regularity of the proceedings, because the petition prays for a form of relief which is different from that specified in the order granting the citation, and in the citation itself.  This objection I do not think tenable.  The papers may be,

amended so as to correspond. No injury is sustained by any one, in consequence of the difference, and the statute authorizes an amendment, or a disregarding of the discrepancy. Both objections are therefore overruled.

It was alleged that Mrs. Spencer was a lunatic. That question the court proposed to try, but no evidence was given on the subject, other than an allegation to that effect, made in a petition in another matter, and wherein the court, as required by law in such case, appointed a special guardian for her. That was a mere routine matter, and was very far from being an adjudication, by the court, that she was a lunatic. I must, therefore, as the matter stands, deem her to be *sui juris.*

I cannot but conclude, from the facts proven, that the testamentary trustee, Popham, neglected to invest the fund as directed by the will, and mingled it with his own money employed in his business. By his letter, in evidence, he acknowledged the amount of the fund to be $18,000, and used language calculated to lead the *cestui que trust* and her friends to believe that the fund was properly invested. His executrix must, therefore, be held to account, on the basis that the fund was of that amount, and also that he then had on hand $1,200 of accrued income, as he stated. This letter is much more satisfactory, as evidence, than the books kept by him or his clerks. As Mrs. Popham has failed to show what the profits of the business, of which this fund was a part of the capital, were, compound interest must be allowed.

Whatever amount may be due for principal and interest must be paid to Mrs. Hall, as the person entitled by law to receive it, and Mrs. Spencer may then require at

her hands, as trustee, whatever may be due to her as *cestui que trust*. The counsel for the petitioner claims, however, that the decree should direct the sum due to Mrs. Spencer to be paid to her directly. In this, I think, he misconceives the scope and object of the statute. The provision is general, and is intended to apply to all cases of the death of an executor, administrator, guardian or testamentary trustee, whatever may be the stage of his administration of the trust, when his death occurs. Such an event may occur within a year or a month after receiving his letters, or it may happen after a lapse of three or more years. In either or any of these cases, any one of several creditors or legatees may make application, under section 2606, to compel the accounting and delivery of the property therein provided for. He cannot compel the delivery of the whole fund to himself, as it may be ten times the amount of his claim or legacy, and when his demand may not be due. He can only enforce its delivery to the court, to a successor in office, or to such other person as is "authorized by law" to receive it, (§ 2603), in order that it may be properly administered ; and that all other claims, as well as his own, may be taken into consideration and provided for. The chief object of the statute seems to be to enable any one, having an interest in the estate, to take such action as may be necessary for the protection of that interest, by compelling the placing of the fund and property in official custody.

Decreed accordingly.