NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—June, 1882.

## LE COUNT v. LE COUNT.

*In the matter of the estate of* JOHN R. LE COUNT, *de-*
*ceased.*

The accounting which a surrogate's court may exact, under Code Civ. Pro.,
§ 2606, from the personal representative of a deceased executor or ad-
ministrator, upon the petition of the latter's successor, does not extend
to all the property of the first decedent which came into the possession
or under the control of petitioner's predecessor, but only to such of the
trust property as has come into the possession or is under the control of
the accounting party.

Accordingly, where, pending an accounting under that section, the succes-
sor of the deceased executor asked that the accounting party be re-
quired to produce and discover certain books and vouchers under her
control, upon an allegation that the deceased executor kept such books
and vouchers, and that an inspection thereof would show what amount
was due from him as executor, at the time of his death, which amount
petitioner alleged to be $20,000,

*Held*, that the allegations did not justify the issuance of the order prayed
for, since the accounting party could not be held responsible, in that
proceeding, for her testator's indebtedness as execulor, and, it was,
therefore, fruitless to inquire into the nature and extent thereof.

APPLICATION by Sarah Le Count, the successor of de-
cedent's executor, to compel the production of books and
papers by Mary H. Le Count, the executrix of such ex-
ecutor.   The facts appear sufficiently in the opinion.

WM. L. COWDREY, *for Sarah Le Count.*

JOHN H. PARSONS, *for Mary H. Le Count,*

THE SURROGATE.—By the will of the decedent, who
died in 1850, William V. Le Count was named as his

executor, and this petitioner, Sarah Le Count, as his executrix. The former qualified at once, and he alone managed the affairs of the estate until his death in 1880, after which letters testamentary were granted to this petitioner as his successor. The respondent, Mary H. Le Count, wife of William, qualified as executrix of her husband in May, 1881. She has been recently cited by the petitioner, in accordance with the provisions of section 2606 of the Code of Civil Procedure, "to account for and deliver over any of the trust property" (*i. e.*, any property belonging to John R. Le Count's estate) "which has come to her possession or is under her control." Proceedings upon this accounting are pending.

The court is now asked by the petitioner to require William's executrix to produce and discover certain books and vouchers, of which she has control, and to deposit the same with the referee. It is not alleged that these documents contain the record of any transactions of the respondent, or that they disclose what assets of John Le Count's estate, if any, have "come to her possession or are under her control." The petition simply declares that William, as executor, kept these books of account and vouchers showing his management of his testator's estate, and that an inspection thereof will show what amount was due from him as executor at the time of his decease.

Now, these allegations do not seem to me to justify the issuance of the order prayed for. So far as relates to any proceedings now pending in this court, it is quite immaterial whether, at the end of his thirty years' stewardship, William Le Count was or was not indebted to the estate in the sum of $20,000, as the petition declares him to have been, and whether any evidence of such indebted-

ness would or would not be afforded by inspecting the books and vouchers in question.

Section 2606, upon which these proceedings are based, does not empower the Surrogate to exact from this respondent an accounting for all the property which came into the possession or under the control of her testator as executor of John Le Count. By that section, as has been already observed, the accounting which the Surrogate can order, in a case like the present, extends only to such property as has come into the respondent's own possession, or is under her own control.

As she cannot be held accountable in this proceeding, for the indebtedness of her husband in his capacity as executor, it is profitless to inquire what is the nature and extent of such indebtedness. If it exists, it affords the basis for a claim upon her husband's estate, for which she, as his executrix, may be cited to an accounting in the Surrogate's court of Kings county.

As an incident to such a proceeding, this application for discovery might very properly be granted, and the documents whose production is here sought might afford pertinent and important evidence. But they would throw no light upon the question now at issue before the referee, and I must, therefore, deny this application (Montrose v. Wheeler, *4 Lans., 99;* Dakin v. Demming, *6 Paige, 95*).

Ordered accordingly.