KINGS COUNTY.—HON. W. L. LIVINGSTON, SURRO-
GATE.—November, 1882.

## BOERUM v. BETTS.

*In the matter of the judicial settlement of the account of*
CHARLES C. BETTS, *as executor of, and trustee under
the will of* JOHN WORTMAN, *deceased.*

The insertion, in a citation, of the name of a party to be served, by a per-
son other than the clerk who made out the same, prevents the acquire-
ment of jurisdiction by the Surrogate's court over such party, by reason
of the service thereof.

Service of a citation less than the eight days prescribed by Code Civ. Pro.,
§ 2520 before the return day, gives the court no jurisdiction.

*It seems,* that an "agent" of devisees under a will, has no standing, as
such, to petition for a judicial settlement of the account of the exec-
utor and trustee.

A proceeding for the judicial settlement of an executor and trustee's
account, abates by his death occurring before the matter is submitted to
the court.

B., an executor of, and trustee under testator's will, was declared a lunatic
in April, 1882, and T. was appointed his committee.  One F., alleging
that he was an "agent" of the children of E., a deceased devisee,
petitioned as such for a judicial settlement of the executor's account.
His petition was filed July 19th, 1882.  In the citation issued there-
upon, the name of B. was inserted by a person other than the clerk
who drew the same, and was served on B. less than eight days before
its return.  No petition was filed, on the return day, in behalf of B.,
praying for a settlement.  On July 21st, R., a *cestui que trust* under the
will, filed a petition to procure a judicial settlement of the executor's
account.  A citation was issued returnable July 31st, to the trustee
and to his committee, being served on the latter but not on the former.
On the return day, the proceeding was adjourned to Sept. 4th, and a
supplemental citation issued, returnable on that day, and which was
served on the trustee, but not on his committee.  The latter filed an
account Sept. 11th, the trustee died Sept. 18th, and the proceeding was
submitted for a decree Sept. 25th.  On Nov. 13th, the attorney for the
children of R. filed an appearance dated July 25th, but the children of
E. had not been cited nor appeared.—

*Held,* that the court acquired no jurisdiction over B., in the first proceed-
ing, on account of the unauthorized insertion in the citation, and the
defective service (Code Civ. Pro., § 2520); that the necessary parties
were not before the court in the second proceeding; that the same abated
by B.'s death before submission; that no decree could be made, affect-
ing his estate, without bringing in his personal representatives; and
that, if they were brought in, the court could make no such decree in
these proceedings.

PETITIONS for a judicial settlement of the account of
an executor of, and trustee under decedent's will. The
facts appear sufficiently in the opinion.

A. H. & W. E. OSBORN, *for petitioner.*

BERGEN & DYKMAN, *for Brooklyn Trust Co.*

Two proceedings are pending for the judicial settle-
ment of the account of Charles C. Betts as executor of,
and trustee under the will of John Wortman, deceased.
The first one was commenced on July 19th, 1882, by the
filing of the petition of F. Rapelyea Beorum (Code, §§
2516, 2517).

Charles C. Betts had been previously declared a lunatic
in April, 1882, and the Brooklyn Trust Company was
then appointed his committee.

The said petition only prayed for a citation to the
Brooklyn Trust Company, and accordingly a citation, re-
turnable on July 28th, 1882, was issued to the said Brook-
lyn Trust Company, as committee of said Charles C.
Betts, to render and settle the accounts of the acts and
doings of said Charles C. Betts as executor and trustee
under the last will and testament of John Wortman, de-
ceased. The name of Charles C. Betts appears to have
been inserted in the citation, in pencil, by some other
person than the clerk of this court who made out the

said citation; and a paper purporting to be an affidavit of service, but not sworn to, is annexed to the said citation, showing that it was served on said Betts on July 20th, 1882. Assuming this citation to have been served on Mr. Betts as stated, jurisdiction over him was not acquired, for two reasons: 1st, the insertion of the name of Charles C. Betts in the citation was unauthorized; 2nd, the service was not made eight days before the return day of the citation (Code, § 2520; Small v. Edrick, *5 Wend.*, *137*).

F. Rapelyea Boerum does not appear to have been a creditor, or a party in any way interested in the estate. He alleges in his petition that he is the agent in fact of the children of Eliza Remsen, deceased, who are devisees under the will of John Wortman; this does not, however, give him the right to present his petition for the judicial settlement of the account of the said executor and trustee (Code, §§ 2726, 2808); but the point is not raised by the Brooklyn Trust Company, which appears as the committee of Charles Betts, in answer to the citation issued in the proceeding.

No petition was filed by said committee, praying that the said executor and trustee's account might be judicially settled (Code, §§ 2728, 2729, 2809, 2810).

The second proceeding was commenced on July 21st, 1882, by the filing of the petition of Phebe Ann Redding, one of the *cestui que trusts* under the will of John Wortman. A citation returnable on July 31st, 1882, was issued, in this last proceeding, to the said Charles C. Betts, and to his committee, the Brooklyn Trust Company. This citation was served on the Brooklyn Trust Company but not on Mr. Betts. On the return day of this

citation, the proceeding was adjourned to September 4th, 1882, and a supplemental citation directed to be issued to Charles C. Betts. This supplemental citation was made returnable on September 4th, 1882, and was served in time on Charles C. Betts but not on his committee.

Neither in this last proceeding did the committee file a petition asking to have the accounts judicially settled under §§ 2728, 2729, 2809, 2810, but it filed the account with the clerk of this court on September 11th, 1882. Mr. Betts died on September 18th, 1882, and both proceedings were submitted for a decree on September 25th, 1882. On November 13th, 1882, the attorney for the children of Phebe Ann Redding filed an appearance for them, dated July 25th, 1882, but the children of Eliza Remsen have neither been cited nor appeared.

On this state of facts, no decree can be made for the judicial settlement of the account filed. The citation was not properly served in either proceeding on Mr. Betts. All the necessary parties are not before the court, and upon Mr. Betts' death the proceedings abated, before they were submitted to the court for decision (Leavy v. Gardner, *63 N. Y., 624;* Matter of Grove, *64 Barb., 526, 534*); but if they did not, no decree could be made, affecting the estate of Mr. Betts, without bringing in his personal representatives, and even then this court could not make such a decree *in these proceedings* (Dakin v. Demming, *6 Paige, 95;* Montross v. Wheeler, *4 Lans., 99;* Farnsworth v. Oliphant, *19 Barb., 30*).