NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—April, 1883.

MAZE v. BROWN.

*In the matter of the estate of* WILLIAM E. LAWRENCE, *deceased.*

The accounting and delivery compellable under Code Civ. Pro., § 2606,* from the personal representative of an executor dying, are for and of such of the trust property only as has come into the possession or is under the control of that representative.

An administrator with the will of the first decedent annexed cannot in his official capacity, as a creditor of his decedent's executor, call the lat-ter's representative to account, under the provisions of the section cited.

---

* By L. 1884, ch. 399, passed May 29th, the section in question was amended so as to read as follows : "§ 2606. Where an executor, admin-istrator, guardian, or testamentary trustee dies, the Surrogate's court has the same jurisdiction, upon the petition of his successor, or of a surviving executor, administrator or guardian, or of a creditor, or person interested in the estate, or of a guardian's ward, to compel the executor or adminis-trator of the decedent to account, which it would have against the dece-dent, if his letters *have* been revoked *by a Surrogate's decree. With respect to the liability of the sureties in, and for the purpose of maintaining an action upon the decedent's official bond, a decree against his executor or administra-tor, rendered upon such an accounting, has the same effect as if an execution issued upon a Surrogate's decree against the property of decedent had been re-turned unsatisfied during decedent's lifetime. So far as concerns the execu-tor or administrator of decedent, such a decree is not within the provisions of section two thousand five hundred and fifty-two of this act. The Surrogate's court has also jurisdiction to compel the executor or administrator at any time to deliver over any of the trust property which has come to his possession or is under his control, and if the same is delivered over after a decree, the court must allow such credit upon the decree, as justice requires.*"

PETITION by Abraham Maze, administrator with the will of decedent's testator annexed, to compel Edward F. Brown, and another, decedent's executors, to account, etc.; the object being to compel payment to petitioner of a balance alleged to be due and unpaid to petitioner, as such administrator, upon a decree against decedent and another in their executorial capacities. Further facts appear in the opinion.

SMITH & WOODWARD, *for petitioner.*

E. F. BROWN, *for respondents.*

THE SURROGATE.—Abraham Maze died in 1875, leaving a will whereby he appointed Washington Brockener and William E. Lawrence his executors. In 1880, they accounted as such, and a decree was entered whereby they were adjudged to have in their hands property of the estate amounting to $1,873.68, and were directed to distribute the same according to the provisions of decedent's will.

Both executors have since died without making such distribution. This petitioner now holds letters of administration, with the will annexed, upon the estate of Abraham Maze, and he asks, after alleging, upon information and belief, that the said property was in the custody and under the control of his predecessor, Lawrence, at the time of his death, that the executors of Lawrence account for said property, and deliver the same to him the petitioner.

The petition does not aver that any of the assets of the estate of Abraham Maze have come to the possession of the respondents or are under their control. It does

not, therefore, allege the facts necessary to authorize the granting of the relief asked under § 2606. It is not *all* trust property, in the hands of an executor at the time he dies, for which such executor's personal representatives can be called to account by such executor's successor and which he may be compelled to deliver to him; it is such property only as has come to the possession or under the control of such representative himself. The petitioner, in his capacity of administrator, may as a creditor of the estate of William E. Lawrence, cite his executors to an accounting, but that is not what he seeks to do by this proceeding. Aside from any other considerations growing out of the facts presented on the motion papers, this petition must therefore be denied (Dakin v. Demming, *6 Paige, 95 ;* Montross v. Wheeler, *4 Lans., 99*).