Matter of Ranney.

# N. Y. SURROGATE'S COURT.

## In Matter of the Estate of ALFRED A. RANNEY.

*Executors — Accounting by executor, &c., of deceased executor — Representatives of a deceased executor cannot initiate such proceedings — Code of Civil Procedure, section 2606.*

A proceeding may be brought in this court by or against the executor or administrator of decedent A., who was himself the executor or administrator of decedent B., for an accounting with respect to decedent A.'s estate. The parties interested in the estate of decedent B. will be entitled upon such accounting to assert, in common with the other creditors of A., such claims as they may have against his estate on account of any liability he may have incurred by reason of his administration of B.'s estate.

But there is no provision of law which authorizes the representatives of a deceased executor or administrator to initiate and conduct a proceeding for the accounting of their decedent in the estate whereof he was himself executor.

*January,* 1884.

ROLLINS, *S.* — This is a proceeding instituted by the executor and executrix of the late Lafayette Ranney, who in his lifetime was this decedent's executor. It has for its object the judicial settlement of the account of Lafayette Ranney as such executor of Alfred A. Ranney, the decedent. Upon the filing of the petition herein, citations were issued to all parties interested in the estate, except the administratrix with the will annexed, who had not been granted letters as such. She subsequently appeared by her attorney, who, now, after a spirited contest over the petitioners' accounts has reached its close, and just as a decree is about to be entered, presses upon the attention of the court an objection to its jurisdiction to entertain these proceedings, and moves that they be dismissed. In neglecting until the last stage of this proceeding to urge the objection upon which he now relies, counsel's conduct may perhaps be open to criticism, but the objection

must nevertheless be considered, and if well founded must be sustained, even though as a result it should appear that the proceedings has been from the outset void for lack of jurisdiction.

I am forced to hold that such is the case. There is no warrant in the Code for any proceeding like that which is now the subject of consideration. It is not within the purview of section 2606. That section simply provides for an accounting by an executor or administrator of a decedent who was himself in his lifetime the executor or administrator of another, as to such assets of that other, and such only as have come into his own hands, and it confers power to initiate such an accounting, proceeding only upon the successor of the first decedent's executor or administrator, or upon a surviving associate of such executor or administrator, or upon a creditor of the first decedent or a person interested in his estate. There is no provision of law which authorizes the representrtives of a deceased executor to initiate and conduct a proceeding for the accounting of their decedent in the estate whereof he was himself executor (*Spencer* agt. *Popham*, 5 *Redf.*, 428 ; *Popham* agt. *Spencer*, 4 Redf., 401).

A proceeding may be brought in this court by or against the executor or administrator of decedent A., who was himself the executor or administrator of decedent B., for an accounting with respect to decedent A.'s estate. The parties interested in the estate of decedent B. will be entitled upon such acccounting to assert, in common with the other creditors of A., such claims as they may have against his estate on account of any liability he may have incurred by reason of his administration of B.'s estate. (*See estate of Charlick, N. Y. Surrogate's decision*, 1883, *p.* 388; *Estate of William E. Lawrence, N. Y. Surrogate's decisions*, 1883, *p.* 169 ; *Dakin* agt. *Dening*, 6 *Piage*, 95 ; *Montross* agt. *Wheeler*, 4 *Lans.*, 99 ; *Farnsworth* agt. *Oliphant*, 19 *Barb.*, 30). This is not such a proceeding. It was commenced for the purpose of adjusting the accounts of Lafayette Ranney, as they concerned

the estate of his testator, Alfred A. Ranney, and as incident thereto for the distribution of the assets of Alfred A. Ranney's estate. Such a proceeding is not authorized by law. It must therefore be dismissed.