NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—December, 1884.

HERBERT *v.* STEVENSON.

*In the matter of the estate of* WASHINGTON M. SMITH, *deceased.*

Since the amendment of Code Civ. Pro., § 2606, made in 1884, a Surrogate's court may require an accounting from the representative of a deceased executor or administrator, in like manner as it might have, from the latter during his lifetime, after revocation of his letters.

Under Code Civ. Pro., § 765, forbidding the entry of a judgment against a party (to an action) who dies before a verdict, report or decision is actually rendered against him,—made applicable to a Surrogate's court by id., § 3347, subd. 6—a contested accounting proceeding abates, absolutely, by the death of the accounting party before the matters at issue have been substantially decided.

Leavy v. Gardner, 63 *N. Y.,* 624—followed.

The administrator of a decedent's estate having instituted a special proceeding for the judicial settlement of his account, and a hearing having been had upon exceptions to the report of the referee to whom the account and objections had been referred, the Surrogate, by a written memorandum, announced his conclusions as to certain exceptions, and, as to others, granted leave to the administrator to offer additional evidence, which was introduced. Thereafter the administrator died, before the undetermined issues had been passed upon, and before any decree of settlement had been entered; whereupon contestants sought

to revive the special proceeding against the administratrix of his estate.—

*Held,* that the same had abated by the administrator's death ; that no decree could ever be entered therein ; and that the application for revival must be denied.

APPLICATION by Ella S. Herbert, and others, children of decedent, for the revival of a special proceeding, instituted for the judicial settlement of the account of the administrator of the decedent's estate, again'st Anna L. Stevenson, the widow and administratrix of the estate of such representative. The facts appear sufficiently in the opinion.

R. W. TOWNSEND, *for petitioners.*

HUGH STEVENSON, *for Anna L. Stevenson.*

THE SURROGATE.—Vernon K. Stevenson, now deceased, was, in his lifetime, administrator of this estate. An accounting proceeding, instituted by him as such administrator, was pending in this court at the time of his death. In December, 1883, the Surrogate, by a written memorandum for counsel, announced the conclusion he had reached in regard to certain exceptions that had been taken to the report of a referee, to whom the account and the objections thereto had been submitted.

As to one of the matters in controversy, leave was given the accounting party to offer additional evidence. Such evidence was afterward, and in Mr. Stevenson's lifetime, introduced ; but the issue upon which it bears has not been passed upon by the Surrogate, and no decree has been entered, settling, in whole or in part, the administrator's account. The

petitioners, who are children of the decedent Smith, now pray that the accounting proceeding be revived and continued against the widow of Mr. Stevenson, who has lately been appointed his administratrix.

It is admitted that, prior to the recent amendment of § 2606 of the Code of Civil Procedure (see L. 1884, ch. 399), the Surrogate had no jurisdiction to cite A., as executor or administrator of B., to account for B.'s dealings, as executor or administrator of C., with C.'s estate; except for such assets of C. as had come into A.'s possession (Dakin v. Demming, 6 *Paige*, 95; Montross v. Wheeler, 4 *Lans.*, 99; Farnsworth v. Oliphant, 19 *Barb.*, 30; Le Count v. Le Count, 1 *Dem.*, 29; Bunnell v. Ranney, 2 *id.*, 327).

But by § 2606, as it now reads, the Surrogate can require an accounting from a representative of a deceased executor or administrator, just as he might require it from the deceased executor or administrator himself, after the revocation of his letters. There is no doubt, therefore, that, in a new proceeding, this administratrix can be directed to render a full account of her husband's management of decedent's estate. I am convinced, however, that the proceeding, which has abated by Mr. Stevenson's death, cannot be revived.

In Leavy v. Gardner the Special Term of the Court of Common Pleas permitted an action to foreclose a mechanic's lien to be continued, after the death of the defendant, against the defendant's executor. Its action was reversed at General Term, and the reversal affirmed by the Court of Appeals (63 *N. Y.*, 624), upon the ground that the proceeding thus allowed to

be continued was not an *action*, within the meaning of the Code, but was a *special proceeding*, to which the Code provisions, respecting the revival of actions, had no application.

I am unable to find any reason for upholding, in the case at bar, the contention of this petitioner's counsel, that might not, in the case of Leavy v. Gardner, have been urged with equal or greater pertinency in behalf of the plaintiff Leavy.   Section 755, which provides that actions shall not abate if the cause of action survives, does not apply to Surrogates' courts, but § 765 is expressly made applicable thereto by subdivision 6 of § 3347.   This section 765 forms part of title 4 of chapter 8 (the title that treats of "Proceedings upon the death of a party"), and declares that nothing in the title contained shall authorize the entry of a judgment against a party who dies before a verdict, report or decision is actually rendered against him, but that, in such case, the verdict, report or decision is absolutely void.

No "decision," within the meaning of that word in the section just quoted, has been rendered, as to any of the matters at issue in the accounting proceeding (Adams v. Nellis, 59 *How. Pr.*, 385; Weyman v. Bank, *id.*, 331); therefore no decree can ever be entered.