NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—November, 1886.

MATTER OF FITHIAN.

*In the matter of the estate of* FREEMAN J. FITHIAN, *deceased.*

Under Code Civ. Pro., § 2606, as amended in 1884, the personal representative of a deceased executor or administrator, though compellable,

at the instance of any person interested in the estate of the first dece-
dent, to account for the entire administration of the latter's executor
or administrator, cannot be required to deliver over trust property of
the first decedent's estate, except to the court or to a newly appointed
representative.

PETITION by decedent's widow, who was a benefi-
ciary under his will, for a judicial settlement of the
account of the deceased executor.

CORNELL, SECOR & PAGE, *for petitioner.*

G. W. COTTERILL, *for Mary J. Clark.*

THE SURROGATE.—The will of this decedent, who
died on August 4th, 1884, named Lemuel B. Clark as
its executor. Mr. Clark was granted letters testa-
mentary on October 15th, 1884. He died on June
9th, 1886, having rendered no account of his admin-
istration. He left a will of which his widow, Mary J.
Clark, is executrix. She qualified as such on July
7th, 1886. On the succeeding day a proceeding was
instituted in this court by Mrs. Harriet J. Fithian,
widow of the testator and beneficiary under his will,
for an order requiring Mrs. Clark, as executrix of her
late husband's estate, to render and settle his account
as Mr. Fithian's executor.

On October 14th, 1886, the respondent filed an
account, the scope and character whereof are indi-
cated by its opening sentence, which is as follows:
"I, Mary J. Clark, executrix of Lemuel B. Clark,
deceased, who was himself executor of Freeman J.
Fithian, deceased, do hereby account for all money
and other property *received by me as such executrix*
belonging to the estate of Freeman J. Fithian, de-
ceased.

It is insisted on behalf of the petitioner that by virtue of § 2606 of the Code of Civil Procedure (and it is upon that section that the present proceeding is founded), she is entitled to an accounting from this respondent not only as regards all money and property of the testator's estate which have come to the respondent's hands, but also as regards all such money and property as came at any time to the hands of the respondent's late husband.

I had occasion in several reported cases which arose before the enactment of chapter 399 of the laws of 1884 to consider the extent of the Surrogate's authority to require the executor or administrator of a decedent A, who had acted in his lifetime as the executor or administrator of a decedent B, to account for A's dealings with B's estate (LeCount v. LeCount, 1 *Dem.*, 29; Maze v. Brown, 2 *Dem.*, 217; Murray v. Vanderpoel, *id.*, 311; Bunnell v. Ranney, *id.*, 327). In the cases just cited it was held that such accounting could be insisted upon only to the extent that the representative of the deceased executor or administrator had come into possession of assets belonging to the estate of such deceased executor's or administrator's decedent.

These limitations were removed by the act of 1884, above referred to, and § 2606 was so amended as to provide that " where an executor or administrator dies the Surrogate's court has the same jurisdiction to compel the executor or administrator of the decedent" (that is of such deceased executor or administrator) " to account which it would have against the decedent" (such deceased executor or

administrator meaning) " if his letters had been revoked by a Surrogate's decree."

Now, in the present case, if this respondent's testator were alive he could be required, even though his letters testamentary had been revoked, to account for his entire administration of this estate.   And such an account is precisely what may be required of his executrix, *i. e.*, an account of her husband's administration from the day of his appointment until his death. The only important practical change effected by the act of 1884 is one that relates purely to methods of procedure.   But for that act, the course which any person interested as legatee in the estate of this testator would be obliged to pursue, in bringing about an adjustment of the claims of such estate upon the estate of the testator's deceased executor Clark, would have been that which is pointed out in the cases above cited. The new statute has provided a shorter and simpler method of adjustment.   I must, therefore, sustain the petitioner's objection that the account of the respondent is on its face incomplete.   It may be amended, and after amendment the petitioner will be allowed to file new objections.

PETITION for the delivery of trust property, in the matter of the same estate.

THE SURROGATE.—In the foregoing memorandum, I have held that this respondent, as executrix of her late husband, must account not only for such assets of Mr. Fithian's estate as have come to her hands, but

for all assets of that estate that at any time came to the hands of her deceased husband. But the authority of the Surrogate under § 2606 of the Code of Civil Procedure, to compel an executor or administrator of a deceased executor or administrator of a decedent "to deliver over trust property" of such decedent, is limited to such property as has come to the possession or is under the control of the representative of such decedent's deceased executor or administrator. And even as regards *such* property the Surrogate cannot direct a delivery to any person claiming as legatee, next of kin or creditor of such decedent. The statute contemplates a delivery into court or to a newly appointed representative of the decedent's estate. By no other course could the rights of all persons interested in such estate be properly protected (Spencer v. Popham, 5 *Redf.*, 425). This application must be denied.