NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1887.

WELTE *v.* BOSCH.

*In the matter of the estate of* JOSEPH WELLENBERGER, *deceased.*

Decedent, during his lifetime, was a partner in business of one A., who died, leaving a will whereof decedent was appointed executor. Upon the death of the latter, B. was appointed administrator with the will of A., annexed, and C., decedent's widow, was appointed administrator of his estate, and instituted a special proceeding to procure a judicial settlement of her account, making B. a party. Thereafter B. commenced an action in the Supreme Court against C., in her representative capacity, for an accounting with respect to the partnership property, and the property of A., in her possession.—*Held,*

1. That B. was a proper and necessary party to the special proceeding in the Surrogate's court.

2. That the attitude of B., in that court, was that of a creditor, urging his claim along with the other creditors of decedent's estate; and that neither at the instance of B. or C., nor by consent of both, could the court adjust the differences between those parties; although, if B.'s claim were admitted, the court had power to direct its payment.

Becker v. Lawton, 4 *Dem.*, 341—explained.

Dakin v. Demming, 6 *Paige*, 95—criticised.

HEARING of objections interposed by a creditor, to account of administratrix of decedent's estate, in proceedings filed for judicial settlement. The facts are stated in the opinion.

S. SULTAN, *for administratrix.*

E. G. BLACK, *for objector.*

THE SURROGATE.—This is a proceeding whereby Maria A. Bosch, as administratrix of the estate of Joseph Wellenberger, deceased, seeks to obtain the judicial settlement of her account.

Wellenberger was engaged in business in partnership with one Joseph Ganter. Ganter died in decedent's lifetime, and while such partnership existed, leaving a will whereof the decedent was appointed executor. The decedent applied for and received testamentary letters, and, after his death, one Emil Welte was appointed administrator, *c. t. a.*, of Ganter's estate. Mr. Welte, as such administrator, *c. t. a.*, has been cited by the petitioner herein to attend her accounting, because of the fact that he has claimed to be interested in this estate as the representative of decedent's deceased partner. Mr. Welte has appeared for the purpose of protesting against his being treated as a party to this proceeding, to be bound, as such, by any

decree in which it shall terminate. In an affidavit submitted in his behalf, he alleges the pendency of an action in the Supreme Court, "for an accounting by her" (this petitioner) "of the goods, property and effects which were of the late firm of Wellenberger & Ganter, and of the property in her possession belonging to the estate of said Ganter;" and he denies the jurisdiction of the Surrogate's court to settle the account, for whose settlement he has brought the Supreme Court action above referred to.

The administratrix now moves that Mr. Welte's objection be overruled. It is alleged on her part and is not denied by her adversary, that the Supreme Court action was commenced since the initiation of this proceeding. But this circumstance is, in the view I take of the situation, immaterial. It was certainly very proper for the administratrix to make Mr. Welte a party to the present proceeding; indeed she could not prudently have neglected to take that course (Dakin v. Demming, 6 *Paige*, 95; Montrose v. Wheeler, 4 *Lans.*, 102; Bunnell v. Ranney, 2 *Dem.*, 329; Estate of Coman, *Surr. Dec.*, 209). Her procedure has been regular, even though it should appear that the Surrogate's court is not a competent tribunal to determine the respective rights of the parties. In that event, the sustaining of Mr. Welte's objection simply necessitates the withdrawal from the Surrogate's consideration, of the questions and issues which the objector insists should not here be passed upon. The accounting may, in all other respects, proceed, or, if the circumstances of the case shall seem to warrant, it may be suspended, until there is a disposition in

another tribunal of the particular matter involved in this decision.

I am of the opinion that Mr. Welte's objection to the jurisdiction of the Surrogate must be held to be well taken, unless the accounting party herein is willing to concede an indebtedness on the part of her decedent to the estate of his decedent's deceased partner, and to concede, as the amount of such indebtedness, the amount which the representative of the latter is willing to agree to and accept. The attitude in which Ganter's representative here stands is that of one urging a claim as creditor, in common with other creditors of the estate. If this claim is admitted, it is competent for the court to direct its payment; if it is disputed, and is not adjusted by agreement of the parties, resort must be had to some other tribunal for its settlement (Bunnell v. Ranney, *supra;* Est. of Coman, *supra;* Montrose v. Wheeler, *supra;* Green v. Day, 1 *Dem.,* 48).

The case of Dakin v. Demming (*supra*), so far as it contains a contrary intimation, is not authoritative. The *dictum* there appearing was based upon a statutory construction which has since been declared erroneous. Green v. Day (*supra*). Neither Becker v. Lawton (4 *Dem.,* 341) and the authorities there cited, nor § 2739 of the Code of Civil Procedure have any reference to a situation such as here exists. The cases referred to recognize the power of this court to determine the validity of a claim made in behalf of a decedent's estate against its representatives, to the same extent that such power existed under the Revised Statutes; by the same section of the Code, the Surro-

gate is also given authority to pass upon a demand against the estate in favor of its representatives. The principle underlying the decisions of the cases cited is enunciated in the opinion of Chief Judge FOLGER, in Kyle v. Kyle (67 *N. Y.*, 408). The learned Judge there says: "It has been held that the Surrogate may hear and determine a claim against the executor in favor of the estate" (citing Gardner v. Gardner, 7 *Paige*, 112). "It is for the reason that, unless he may do so, those interested in the estate have no remedy save by bill in equity, inasmuch as no suit at law can be brought; for the executor, who is the legal representative of the estate, cannot sue himself. The same reason is applicable here, and is probably the basis of the statute cited" (the statute here referred to is L. 1837, ch. 460, § 37).

I hold that, neither at the instance of this accounting party, nor upon the demand of the objector, nor by the consent of both, can the Surrogate's court, in this proceeding adjust the differences between the parties.