## In re TRASK'S ESTATE.

(Surrogate's Court, New York County.   May, 1897.)'

1. EXECUTORS—ACCOUNTING BY PERSONAL REPRESENTATIVES—PARTIES.

Under Code Civ. Proc. § 2606, as amended by Laws 1884, c. 399, permitting the surrogate's court, on petition of any person interested in the estate, to compel an executor of a deceased executor to account, the same as if his decedent's letters had been revoked, a petition, by the sole beneficiary under a will naming two executors, to compel the executor of one of the two executors to account, need not make the surviving executor a party.

2. SAME—LEGACIES—TO WHOM PAYABLE.

Code Civ. Proc. § 2722, providing for the payment of legacies by an executor, is not applicable to a petition to compel an executor of a deceased executor to pay moneys in his hands, belonging to the original testator's estate, to a sole legatee, where there is a surviving executor.

3.SAME.

Under Code Civ. Proc. § 2606, as amended by Laws 1884, c. 399, and by Laws 1891, c. 175, giving the surrogate's court jurisdiction to compel an executor of a deceased executor, at any time, to deliver trust property under his control, the delivery is not to be made directly to the legatee, but to a person authorized to complete, and for the purpose of completing, the administration; and a 'sole beneficiary under a will with two executors cannot compel the executor of a deceased executor, in a petition against him alone, to turn over to petitioner all the property in his hands, belonging to the original testator's estate.

Petition by the widow of Charles Henry Trask, deceased, to compel an accounting by the Brooklyn Trust Company, as executor of one of the executors of her husband's estate, and payment to her of money in its possession belonging to such estate.   Cross petition by respondent, that it be permitted to give a voluntary accounting of property in its possession, belonging to such estate, and that the surviving executor and parties interested in Trask's estate be cited to appear thereto.   Cross petition granted.   Petition denied.

Isaac P. Hubbard, for Elizabeth A. Trask.

Bergen & Dykman, for Brooklyn Trust Co.

ARNOLD, S.   The widow of the decedent, who is also the sole beneficiary under his will, has filed a petition by which it appears that the two executors named in such will duly qualified; that the whole estate consists of money; that Knapp, one of said executors, who has recently died, retained in his hands the larger part of this money, and paid her interest thereon regularly up to a short time before his decease, and that the remainder of such moneys was retained by Chase, the other executor, who still survives, and who has paid her interest thereon; that Knapp left a will, which has been duly admitted to probate, and the Brooklyn Trust Company, which is named as executor therein, has duly qualified and is acting as such, and received into its hands the money which its testator held as executor of Trask; that she has applied to the company for payment of the whole or a portion thereof to her as sole legatee, but that it has refused to comply with such request.   And she asks that a decree be made requiring the said company, as executor aforesaid, to render and judicially settle an account of its proceedings "as executor of the said Knapp as executor of the said Trask," and

to pay said moneys to her, and that it be cited to show cause why it should not make such payment. Upon this petition, citation issued to the trust company; and upon its return the respondent appeared, and filed an account as required, disputing none of the allegations of the petition, but opposing the application in so far as it asked for any payment to the petitioner,—claiming that Chase, the surviving executor, was the only person entitled to receive the moneys in its hands, and that he was a necessary party to the proceeding,—and at the same time filed a cross petition, that it be permitted voluntarily to account for all of the trust properties pertaining to the estate of Trask which has come into its possession, and that such surviving executor, and all other persons interested in Trask's estate, be cited thereto.

Prior to the amendment of section 2606 of the Code of Civil Procedure by chapter 399 of the Laws of 1884, the surrogate had no jurisdiction to cite A., as executor or administrator of B., to account for B.'s dealings, as executor or administrator of C., with C.'s estate, except for such assets of C. as had come into A.'s possession. In re Fithian, 5 Dem. Sur. 305; Herbert v. Stevenson, 3 Dem. Sur. 238, and cases therein cited. It was, however, the practice to allow the successor of B., as such executor or administrator, to come in as a creditor of B. upon any accounting, as such, of the legal representatives of the latter. In re Ranney, 66 How. Prac. 291; Maze v. Brown, 2 Dem. Sur. 217. There was a provision in section 2606, as first enacted, giving the surrogate's court the same power to compel the executor or administrator of a deceased executor or administrator, upon the petition of his successor, or of a surviving executor, or any person interested in the estate, to account for and deliver over any of the trust property coming to his possession or under his control, which it would have as against the decedent, if his letters had been revoked, which provision Mr. Throop, in his note to said section, characterizes as "prepared to supply a casus omissus in the former statutes." By the amendment of 1884 the surrogate's court was given further jurisdiction, upon the like petition, to compel the executor or administrator of a deceased executor or administrator to account, which it would have against the decedent if his letters had been revoked by a surrogate's decree. In re Fithian, 44 Hun, 457. After this amendment it was held that successive proceedings might be brought, by different parties interested, to compel the accounting thereby provided for; that these proceedings could not be consolidated, and that there was no method by which all parties interested could be brought into one proceeding; and that there was no way in which the parties so cited could voluntarily account, bringing in all parties. Subsequently section 2606 was again amended by chapter 175 of the Laws of 1891, by which amendment an executor or administrator of a deceased executor or administrator is permitted voluntarily to account for any of the trust property of the original decedent which has come into the possession of the accountant from his testator or intestate, and to cite in such proceeding the successor, or surviving executor or administrator, or other necessary party, to attend such settlement. There is still no provision of law by which an executor or

administrator of a deceased executor or administrator can account generally for the acts of his decedent in his said representative capacity. Crawford v. Crawford, 5 Dem. Sur. 37; In re Kane, Sur. Dec. 1894, p. 646. It would thus seem that in the proceeding first authorized by the amendment of 1884 the only parties thereto are the petitioner, and the representative of the deceased executor or administrator. Popham ,v. Spencer, 4 Redf. Sur. 401. And in the proceeding authorized by the amendment of 1891 the representative of a deceased executor or administrator can account only for such property as has come into his hands, as such representative, belonging to the estate of the original decedent; and any surviving executor or administrator, and any successor to any deceased executor or administrator, is a necessary party to such accounting. The account filed herein by the Brooklyn Trust Company purports to be an account · of all its testator's acts as Trask's executor, which was a proper response to so much of the petition of Mrs. Trask as asked for an accounting. I do not see that it was necessary to make the surviving executor of Trask a party to that proceeding. The petitioner therein may file objections to such account, if she sees fit, and any issues thus formed can be tried and disposed of as between the parties thereto; but the trust company cannot therein obtain a decree which will be binding upon the surviving executor of Trask, as he is not one of such parties, nor can any distribution of the estate be made therein. In a voluntary proceeding to account, under section 2606, the trust company can obtain a decree only in respect to the property of Trask which came into its hands as executor of Knapp; but in such proceeding it can make the surviving executor a party, and can be relieved from all responsibility, in a proper case, for such property, by decree therein made. Where one of two or more executors or administrators dies, the others may proceed and complete the administration of the estate pursuant to the letters. Section 2692, Code. Such survivors are within the meaning of the word "successors," as used in the Code, and the survivors perform all the duties of the trust. Hood v. Hayward, 124 N. Y. 1, 26 N. E. 331. By virtue of their letters they are entitled to the possession of the estate of their testator or intestate for the purpose of such administration. Mrs. Trask cannot maintain a proceeding against the present respondent for the payment of her distributive share under section 2722 of the Code, as the provisions of that section are evidently applicable only to proceedings against the executor or administrator of the estate from which the share arises. Authority for any payment to her on account of such share by this respondent must, if at all, be found in section 2606. I do not think that the provision of that section which gives this court jurisdiction to compel the executor or administrator of a deceased executor or administrator at any time to deliver over any trust property which has come to his possession, or is under his control, means that, in such a proceeding, payment of debts or legacies or distributive shares, and the use of the trust money or other property in the hands of such representatives for the purpose, can be ordered to be made directly to persons making personal claim thereto. If this were not so, cases might frequently arise in which such claim might be made and sus-

tained where the same application against an original executor or administrator would have to be denied, as being made before the termination of the period which the law requires shall elapse before it could be entertained. It appears to me that the meaning of the provision in question is that any delivery of the trust property must be made (as under section 2603, Code) to a person authorized to complete, and for the purpose of completing, the administration. In re O'Brien, 45 Hun, 291; In re Soutter, 105 N. Y. 519, 12 N. E. 34; In re Fithian, 5 Dem. Sur. 308; Spencer v. Popham, 5 Redf. Sur. 425; Redf. Prac. Sur. Cts. (5th Ed.) p. 748. The use of the words "at any time" seems to indicate an intention to provide for the immediate delivery, in proper cases, of trust property in the hands of the representatives of the deceased executor or administrator to the representatives of the estate to which such property pertains, either before or after the termination of an accounting, or without an accounting, although such accounting may be required at once upon their appointment. In re Clark, 119 N. Y. 427, 23 N. E. 1052; Id., 119 N. Y. 629, 23 N. E. 1145. And this view is confirmed by the closing words of the provision, that, if the property "is delivered over after a decree, the court must allow each credit upon the decree as justice requires."

My conclusion, therefore, is that the trust company is entitled to maintain its proceeding, and to the issuance of the citation it prays for, and that Mrs. Trask is entitled to continue her proceeding as against the trust company, and to file objections to the account, if so advised, but that no distribution can be ordered in such proceeding, and her application for the payment to her of her distributive share, or any portion thereof, must be denied. Orders may be presented in accordance herewith, upon the usual notice of settlement.