(34 Misc. Rep. 39.)

### In re MURRAY'S WILL.

(Surrogate's Court, New York County. February, 1901.)

WILLS—TRUST—INDEFINITE TIME—OBJECT—CONSTRUCTION.

    By her will, a testatrix, in terms, gave, devised, and bequeathed the remainder of her estate to her executor, in trust to invest, keep invested, and pay the principal and income thereof towards the purchase of a plot in a cemetery, and to the erection of a monument, and the care of said plot and monument, as her executor might see fit to make payments therefor. *Held*, that such clause was void, since it was an attempt to create a trust which should bind her residuary estate for an indefinite period of time, not measured by any specified lives, and for a purpose not religious, educational, charitable, or benevolent.

Application to determine the validity of the residuary clause in the will of Mary Murray, deceased.

David Thornton, for executors.

M. J. Sneudaira and Andrew F. Murray, for contestant.

(34 Misc. Rep. 209.)

### In re WOOD'S ESTATE.

(Surrogate's Court, New York County. February, 1901.)

PROCEEDINGS BEFORE SURROGATE—CONSOLIDATION.

    There is no jurisdiction by statute for consolidating a proceeding by a trustee in bankruptcy of the residuary legatee of one G. to make the executor of the executrix of G. account for assets of G. received in her lifetime with a voluntary proceeding by the executor of said executrix for an accounting of trust property in his hands belonging to the estate of G.

Petition of trustee in bankruptcy of Joseph Wood, residuary under the will of Gilbert Wood, to compel the executor, who was also the executor of the will of Jane H. Wood, to account for assets in his hands received by him with the assets of Jane H. Wood. Application to consolidate the two proceedings. Denied.

Wingate & Cullen, for petitioner.

Henry H. Bowman, for respondents.

THOMAS, S. The proceeding on the petition of the trustee in bankruptcy of Joseph Wood, the residuary legatee under the will of Gilbert Wood, to compel the executor of the will of Jane H. Wood, who was the executrix of the will of Gilbert Wood, to account for assets of the estate of Gilbert Wood in his hands, received by him with the assets of Jane H. Wood, is maintainable under section 2606 of the Code of Civil Procedure. In this proceeding the jurisdiction of the court is sufficient to permit an accounting of all of the acts of Jane H. Wood as fully as if the accounting were that of Jane H. Wood and her letters had been revoked. As a result of the accounting, payment of any balance determined to exist must be decreed to be made to an administrator c. t. a. of Gilbert Wood, or to the city chamberlain, in default of the appointment of such administrator. In no event can payment be directed to the petitioner. In re Moehring, 154 N. Y. 423, 48 N. E. 818. In this proceeding the executor of Jane H. Wood represents all of the parties interested in her estate, and there are no other necessary parties. The order of reference was made, in accordance with the usual practice, immediately after the objections to the account were filed, on the motion of the surrogate, and without notice to any of the parties. Code Civ. Proc. § 2546. The second proceeding, instituted by the executor of Jane H. Wood on his own petition, for an accounting of trust property belonging to the estate of Gilbert Wood in his possession, is also permissible under section 2606 of the Code of Civil Procedure, but on this accounting the jurisdiction of the court is more limited than in the first or compulsory proceeding, and the acts and doings of Jane H. Wood, as to property which never came into his possession, cannot be investigated. In re Trask's Estate (Sur.) 49 N. Y. Supp. 825. I do not clearly perceive why persons interested in the estate of Jane H. Wood, and having no interest in the estate of Gilbert Wood, are cited. They are represented by the petitioner in his capacity of executor of Jane H. Wood, and no general accounting of her estate is sought or is permissible in the proceeding. The two proceedings cannot be consolidated, because no jurisdiction to consolidate them is found in the statute. A consolidation of two proceedings not of exactly similar scope should not be attempted without express authority. A substantially similar result may be reached by a reference of any issues raised by objections in the second proceeding to the same referee appointed in the first proceeding, and this will be done. The application to consolidate the two proceedings is denied.

Application denied.